Kent R. BENADUM, Appellant,

v.

David SCURR, Appellee.

No. 67021.

Supreme Court of Iowa.

June 16, 1982.

C. J. Krogmeier of Deitchler, Thomas, Saunders, Krogmeier, Humphrey & Johnson, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., and Bruce C. McDonald, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Petitioner Kent R. Benadum, a penitentiary prisoner, appeals from trial court's denial of his petition for writ of habeas corpus. His appeal raises one issue: Under disciplinary rules of the Iowa State Penitentiary and due process, may the director of adult corrections on administrative appeal order a rehearing of disciplinary complaints against a prisoner where there was a constitutional violation in the initial hearing? We believe he can and affirm the trial court's ruling accordingly.

This case arose when Benadum was charged with violation of several Iowa State Penitentiary disciplinary rules in connection with an incident occurring on October 18, 1980, at the penitentiary in Fort Madison. In connection with the charges, Benadum was interviewed by a correctional officer. Benadum informed him that he wished to have either a written statement from inmate George Nowlin presented at the disciplinary committee hearing or to have Nowlin testify before the committee.

On October 23, the charges against petitioner were heard by a disciplinary committee comprised of a counselor and another correctional officer. Benadum appeared before the committee but no other witnesses testified in his behalf and no written statement from Nowlin was introduced or considered. Petitioner was found guilty of the charges. The committee penalized him by ordering 30 days solitary confinement, 365 days administrative segregation and loss of 16 days good time.

Under the prison's disciplinary rules, Benadum took an administrative appeal of the disciplinary committee's decision to respondent David Scurr, warden of the penitentiary. The committee decision was upheld. Benadum then appealed under the rules to the Director of the Division of Adult Corrections (DAC) of the Iowa Department of Social Services. The Director ordered a rehearing of the charges because the disciplinary committee had failed to consider the requested written statement from inmate Nowlin.

The charges were reheard by the same committee. The sworn affidavit of Nowlin was received and considered by the committee. Petitioner was again found guilty and the same penalty imposed as at the initial hearing. Benadum appealed a second time to the warden and then the Director, who each affirmed the committee's ruling.

Benadum then filed a petition for writ of habeas corpus in district court. *Langley v. Scurr*, 305 N.W.2d 418, 419 (Iowa 1981) (judicial review under ch. 17A, The Code, not applicable to prison disciplinary proceedings). After hearing, the court denied the petition. Benadum appealed.

Benadum contends trial court erred in denying his petition for writ of habeas corpus. His assignment of error is premised upon the theory that the DAC Director did not have the authority to order a rehearing of the charges. Benadum says that the

charges should have been dismissed and he should have been restored to all prior privileges when the Director, on the first administrative appeal, decided that the statement from Nowlin must be considered by the disciplinary committee. In essence, Benadum argues the Director did not have the authority to order a rehearing of the disciplinary charges, and the rehearing violated the rules of the penitentiary and his rights of due process. We do not agree.

Inmates of the penitentiary at Fort Madison are presented with a copy of and are subject to "Rules, Regulations and Disciplinary Procedures for the Government of the Iowa State Penitentiary Inmates."[1] A copy of this document was received in evidence in this habeas corpus case. The following rule, found in the Discipline section of the rules and hereinafter referred to as the "procedure rule," provides the basis for petitioner's claim:

> If an alleged rule violation is not adjudicated in accordance with the due process procedures set forth in this Section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

■ The Director was correct when he determined that Benadum had a right to have the statement of inmate Nowlin considered by the disciplinary committee in connection with the hearing on petitioner's charges. *Wolff v. McDonnell,* 418 U.S. 539, 566–67, 94 S.Ct. 2963, 2979–80, 41 L.Ed.2d 935, 956–57 (1974); *Fichtner v. Iowa State Penitentiary,* 285 N.W.2d 751, 757–59 (Iowa 1979).

In their briefs the parties mainly discuss three unpublished federal district court opinions involving prisoners' rights.

However, we believe that petitioner's contentions are answered by the provisions of the penitentiary disciplinary rule governing administrative appeals, as well as by the

procedure rule. The appeal rule provides that a prisoner may appeal an adverse decision of the disciplinary committee to the warden. The warden or his designee "may: (1) Affirm the decision. (2) Reduce the disposition. (3) Take the matter under advisement. (4) Reverse the decision. (5) Refer to a dispositional hearing authority. (6) [Remand] for further hearing." Upon receiving an adverse decision from the warden, "An inmate may pursue the appeal further by submitting a written appeal to the Director of the Division of Correctional Institutions."

■ The appeal provision of the disciplinary rules allows the warden to remand appeals to the disciplinary committee for further hearing. If the warden has that power, we conclude the intent of the rules is that the Director on further appeal also has the authority to remand, at least where the remand is designed to foster a prisoner's due process rights.

We conclude the Director was within his authority under the disciplinary rules when he ordered rehearing of the charges under the circumstances of this case which allowed Benadum to present the evidence he desired at the rehearing.

■ The procedure rule does not prohibit rehearing of charges where an inmate successfully raises a due process claim in the administrative appeal process if, at the rehearing, the inmate is afforded the due process rights he successfully urged on the prior appeal. The administrative appeal process is part of the due process protection afforded prisoners. In the present case, that appeal process operated to secure Benadum the right to present the statement of inmate Nowlin. Since petitioner was ultimately afforded his due process protections in the administrative adjudication of his disciplinary violation, the procedure rule does not apply in this case. His alleged rule violation was "adjudicated in accordance with the due process procedures set forth" in the disciplinary section of the penitentiary rules.

---

1. Failure to provide inmates with copies of disciplinary rules an give rise to actions under 42 U.S.C. § 1983. *Duckett v. Ward,* 458 F.Supp. 624, 626 (S.D.N.Y.1978).

We have considered all of petitioner's contentions, whether or not discussed herein, and find no reversible error. The denial of Benadum's petition for writ of habeas corpus is therefore affirmed.

AFFIRMED.