Ernest C. HARPER, Appellant,

v.

Charles W. LEE; Crispus C. Nix; Ronald G. Welder; Debbie Nichols; Charles Harper; Richard Mitchell; Neal W. Boeding; Ruben Baker; Unknown/Unnamed Defendants, Appellees.

Ernest C. HARPER, Appellee,

v.

Charles HARPER, Appellant,

and all Unnamed Defendants employed at Iowa State Penitentiary

Richard Mitchell; Neal W. Boeding; Ruben Baker, Appellants.

No. 90–1871, 90–1985.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1990.

Decided July 1, 1991.

Ernest Harper, pro se.

Gordon E. Allen, Susan Achen and Robin A. Humphrey, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Ernest Harper, an Iowa inmate, brought this 42 U.S.C. § 1983 action against several prison officials, contending the officials violated his due process rights by refusing him access to relevant evidence during disciplinary proceedings against him. The district court awarded Harper nominal damages and court costs against four of the officials, but denied Harper compensatory and punitive damages. The court granted four other officials summary judgment. Harper appeals the summary judgment in favor of the four prevailing officials and the district court's denial of compensatory and punitive damages. The four unsuccessful officials cross appeal the adverse judgment and nominal damages award against them, and the district court's denial of qualified immunity. On Harper's appeal, we affirm the district court's summary judgment in favor of the four prevail-

ing officials. On the four unsuccessful officials' cross appeal, we reverse and remand for entry of judgment in their favor.

The controlling facts are not disputed. A correctional officer filed a disciplinary report against Harper for making an obscene and threatening statement to the officer. Harper told the investigating officer he wanted certain log books available at his disciplinary hearing that he claimed would show the reporting correctional officer was not present during the incident cited in the report. The log books were not supplied and on the basis of the correctional officer's written report, the disciplinary committee found Harper guilty of violating two prison rules. The committee disciplined Harper with 180 days loss of good time, 180 days administrative segregation, and 15 days disciplinary detention.

Harper filed several institutional appeals contending the log books would prove his innocence. All the appeals were denied on the ground the log books were immaterial and would not assist in Harper's defense. After serving fifteen days in disciplinary detention, Harper filed a supplemental appeal. The warden's executive assistant remanded the case for a rehearing to allow Harper to put the log books in evidence. Harper attended the rehearing and introduced the log books but was not allowed to make any additional statements. After considering the new evidence, the disciplinary committee again found Harper guilty and reimposed the original disciplinary sanctions, with credit for the detention time already served.

Harper filed this action against the prison officials involved in the disciplinary hearings and appeals, claiming the officials violated his due process rights. Harper sought compensatory and punitive damages, and injunctive and declaratory relief. The parties filed cross motions for summary judgment. The district court concluded the undisputed facts presented no basis for liability against four of the officials and dismissed Harper's claims against them. The district court rejected the remaining four officials' assertion of qualified immunity, finding the right of an inmate to present documentary evidence at a disciplinary hearing was clearly established, and that allowing Harper to present the log books would not have endangered the institution or adversely affected correctional goals. The district court concluded the officials' refusal to allow Harper to introduce the log books at the first hearing violated his due process rights. Nevertheless, because the committee reviewed the log books at the rehearing and again found Harper guilty, the district court awarded only nominal damages and court costs against the officials. The district court found no basis in the record to support an award of compensatory or punitive damages.

■ On appeal the prison officials argue Harper was not denied due process because he was granted a rehearing so he could put the log books in evidence. We agree. Under prison regulations, the warden's executive assistant has the authority to order a rehearing of a disciplinary case to allow a prisoner to introduce erroneously excluded evidence. *See Benadum v. Scurr,* 320 N.W.2d 578, 580 (Iowa 1982). "[This] administrative appeal process is part of the due process protection afforded prisoners." *Id.* Thus, in our view, Harper was provided all the process due him under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and the prison's rules and regulations.

The district court erroneously focused on only the first portion of the disciplinary proceedings for compliance with due process. This approach discourages prison administrators from correcting errors through the administrative appeals process, which, in turn, results in prisoners resorting to federal or state court for relief. In Harper's case, the prison administration recognized the committee's noncompliance with the due process requirements of *Wolff v. McDonnell,* and ordered a rehearing to rectify the error. Thus, Harper "was ultimately afforded his due process protections in the administrative adjudication of his disciplinary violation," *Benadum,* 320 N.W.2d at 580, and experienced no harm as

a result of the initial denial of his right to put the log books in evidence.

 We also reject Harper's argument that he was denied due process when the committee refused to allow him to speak at the rehearing. Harper had already testified at the initial hearing and there was no need for further testimony at the rehearing, which was limited to the introduction of the log books.

Accordingly, we affirm the district court's summary judgment in favor of four of the officials. We reverse the judgment for nominal damages against the remaining four officials and remand for entry of judgment in their favor. We need not address Harper's compensatory and punitive damages arguments or the prison officials' assertion of qualified immunity.