**Bruce CUMMINGS, Plaintiff,**

v.

**Paul D. CASPARI, et al., Defendants.**

**No. 91–1202C(6).**

United States District Court,
E.D. Missouri, E.D.

Aug. 11, 1992.

748

Bruce Cummings, pro se.

John Pawloski, Sandberg, Phoenix & Von Gontard, P.C., St. Louis, Mo., for all defendants except employees of the Missouri Eastern Correctional Center at Pacific, Mo.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment.

Plaintiff Bruce Cummings, formerly an inmate at Missouri Eastern Correctional Center (MECC), now incarcerated at Potosi Correctional Center, alleges that defendants, MECC prison officials, denied him due process in certain disciplinary proceedings, subjected him to cruel and unusual punishment and refused him medical care. He seeks damages and declaratory and injunctive relief.

On April 4, 1992, Cummings was removed from the general prison population and placed in administrative segregation in reliance on an unidentified informant's statement that Cummings had started a fire in the prison. Approximately ten days later, the Adjustment Board dismissed the arson charge. While in administrative segregation but prior to the Adjustment Board's dismissal of the charge, other conduct violations were issued against Cummings, prompting his continued confinement in administrative segregation. Cummings maintains that these later charges were fabricated by defendants as part of a conspiracy to keep him in administrative segregation.

Cummings also alleges that on May 17, 1991 several defendants entered his cell, noticed that he was wearing a necklace in violation of prison policy and, therefore, placed handcuffs on him and beat him. He maintains that the handcuffs were on so tightly as to cause his fingers to become numb. These actions allegedly caused injuries to Cummings for which he was denied medical care.

Defendants argue in their motion that there exists "some evidence" justifying the disciplinary measures taken by defendants. They maintain that Cummings has not alleged with particularity any procedural errors in the hearings that he received. Thus, Cummings' due process claim must fail.

As to the claim of cruel and unusual punishment, the motion for summary judgment offers a different assessment of the events on May 17, 1991, substantiated by a videotape of the incident that was taken by a prison official. Lastly, defendants offer exhibits documenting that Cummings was taken to the MECC hospital, examined by a member of the hospital staff and found not to merit any medical attention.

Cummings' response to the motion primarily outlines his version of the events surrounding each disputed conduct violation. For the first time, however, he does cite a specific procedural problem with a hearing he received for a conduct violation that occurred on April 27, 1991. Defendants' reply addresses this new issue.

█ Initially, the Court notes that Cummings is no longer incarcerated at MECC. To the extent his claims seek injunctive relief, the Court will dismiss them as moot because there is no reasonable expectation that Cummings will be subjected to the same action again. *See Vosburg v. Solem*, 845 F.2d 763, 770 (8th Cir.), *cert. denied*, 488 U.S. 928, 109 S.Ct. 313, 102 L.Ed.2d 332 (1988). The Court must also dismiss Cummings' claims brought against defendants in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).

█ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a

judgment as a matter of law." Fed. R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2515, 91 L.Ed.2d 202 (1986).

### 1. *Due Process Claims*

 Cummings contends that the disciplinary hearings for his conduct violations that occurred in April and May of 1991 violated the Constitution's guarantee of due process of law. More specifically, he believes that each hearing committee reached an incorrect conclusion. A disciplinary decision complies with due process requirements if it is supported by some evidence in the record. *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir.1989) (citing *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774–75, 86 L.Ed.2d 356 (1985)). The statements in the written reports for each charge constitute some evidence to support the hearing committee's findings. *See id.* Furthermore, Cummings' allegation of a conspiracy to fabricate these charges has not been pled with sufficient particularity. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990) (requiring factual allegation to suggest a meeting of the minds).

 Cummings' only specific allegation of procedural impropriety is that he was not allowed to call three witnesses at one of his hearings. Cummings was removed from that hearing, however, because he became "belligerent and hostile." Although *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974) provides that an inmate facing disciplinary proceedings should be allowed to call witnesses in his defense, that right is not without limits. Prison officials must have discretion to keep the hearing within reasonable limits. *Id.* Moreover, an inmate's right to call witnesses gives way to the institution's need to maintain safety. *Id.* Accordingly, because his absence from the hearing was necessitated by his inappropriate conduct, Cummings' constitutional due process rights were not violated.

 Lastly, Cummings claims constitutional error in placing him in administrative segregation on the basis of an arson charge that was later dropped and removed from his record. Once the prison suspected that Cummings set the fire, they had a legitimate security interest in placing him in administrative segregation. *See Brown–El v. Delo*, 969 F.2d 644, 647 (8th Cir.1992) (stating inmate that poses a security risk may be transferred to administrative segregation). Moreover, prison officials promptly expunged his record of the arson charge. In this instance, Cummings was not denied due process. *See Harper v. Lee*, 938 F.2d 104, 105 (8th Cir.1991) (finding no due process violation when inmate ultimately afforded due process protection and experiences no harm).

### 2. *Cruel and Unusual Punishment*

 Cummings also contends that the use of force on May 17, 1991, subjected him to cruel and unusual punishment. The core question in allegations of excessive physical force is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, —— U.S. ——, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Although not dispositive, the extent of injury suffered by an inmate may suggest "whether the use of force could plausibly have been thought necessary." *Id.*

A videotape of the incident is relevant in this inquiry. Although the visual portion of the videotape does not illuminate the events as they occurred inside Cummings' cell on May 17, the audio portion of the tape contains no indication that defendants beat Cummings or acted maliciously and

sadistically.[1] The episode lasted no longer than four minutes during which Cummings complains about the amount of pressure applied by defendants but voices no grievances about the alleged beating. Inasmuch as some pressure by defendants on Cummings would be necessary to subdue him, there is no evidence that such pressure was excessive. With regard to the handcuffs, the videotape clearly shows that they remained on Cummings solely because he refused to comply with the instructions for removing them.

Further support for defendants' position is provided by Cummings' medical examination just after the incident which revealed that he had only suffered a scratch from the use of force, that his wrists showed no signs of injury and that the handcuffs were not on tightly. The medical findings support defendants' assertion that they used only that force necessary to subdue Cummings.

### 3. Denial of Medical Care

▮ In Cummings' response he emphasizes that he did not receive medical care on May 17, 1991, after the use of force. To sustain this claim, Cummings must show that defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Noll v. Petrovsky,* 828 F.2d 461 (8th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 668 (1988).

His first amended complaint concedes that he received treatment following the use of force, apparently on both May 17 and May 18, 1991. He states that "[w]hile I suffered in my room, defendants Reed and Smallegan came to my room and grabbed the chain on the cuffs to take me to the hospital. . . . I was taken to the hospital and treated for cuts on my legs and [my] wrist[s] were examined. May 18, 1991 plaintiff had to go back to the hospital."

If Cummings' own statements were not sufficient, defendants' exhibits further support judgment for defendants on his claim of indifference to medical needs. Cummings received a prompt medical examination that uncovered no serious injuries and that determined the handcuffs were not on Cummings so tightly as to cause the problems of which he complained. In his response, Cummings claims that defendants' exhibit documenting a May 17, 1991, visit to the hospital is not his record but that of a prison guard. The Court does not find any basis for this allegation. Defendants have presented sufficient evidence to place on Cummings the burden of offering affirmative evidence in support of this claim. Cummings has not met that burden.

### JUDGMENT

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment is granted.

---

1. The footage taken inside the cell is not well-focused. Given the number of officials involved in the use of force, the videotape appears primarily to capture the officials' backs as they restrain Cummings.