PER CURIAM.
 

 Lamont Griffin-Bey, a Missouri inmate previously incarcerated at Potosí Correctional Center (PCC), appeals the district court’s
 
 [1]
 
 grant of summary judgment in favor of defendants on his 42 U.S.C. § 1983 claims for denial of his constitutional rights to procedural due process at a disciplinary hearing. We affirm.
 

 In April 1989, the mailroom supervisor at PCC, Debbie Holman, now Debbie Reed, filed a conduct violation report against Griffin-Bey alleging that the mailroom intercepted a letter written by Griffin-Bey to another PCC inmate, Rondell Williams, in violation of PCC Rule 37, which prohibits inmates from corresponding with each other. Prior to the disciplinary hearing, the interviewing officer noted that Griffin-Bey stated the “write up [was] false.” During his disciplinary hearing, Griffin-Bey stated: “There ain’t nothing I can say. I possibl[y] sent some letters out before over here.” He then asked to see the letter so that he could determine if it was his, but that request was denied by Rhonda Pash, chairperson of the disciplinary committee. On the basis of the conduct violation report and his statement, which the committee seemed to take as an admission, the committee found Griffin-Bey guilty and sentenced him to ten days in disciplinary detention.
 

 In his verified complaint, Griffin-Bey alleged that Pash’s denial of his request to see the letter during his disciplinary hearing, her failure to include all of the statements he made at the disciplinary hearing in the committee’s report, and her failure to make a factual determination that he actually wrote the letter before concluding that he was guilty violated his right to procedural due process. Griffin-Bey alleged that Larry Rhodes, Acting Assistant Superintendent at PCC, violated his constitutional rights when he approved the sanctions recommended by Pash and failed to correct her constitutional violations. Griffin-Bey alleged that Michael Bowersox, Acting Superintendent at PCC, violated his constitutional rights because Bowersox knew of Pash’s and Rhodes’s practices to deny inmates their constitutional rights and he was grossly negligent for allowing these practices to continue. Griffin-Bey also alleged that defendants failed to follow PCC policies and procedures.
 

 The district court granted defendants’ motion for summary judgment. On appeal, Griffin-Bey argues that the district court erred because, regardless of the outcome of the hearing, he had the clearly-established right to marshal a defense and therefore, Pash unconstitutionally denied him an opportunity to see the letter he was accused of writing. He also argues he had a right to expect prison officials to follow their own regulations.
 

 We review de novo a grant of summary judgment.
 
 United States ex. rel. Glass v. Medtronic, Inc.,
 
 957 F.2d 605, 607 (8th Cir.1992). After carefully reviewing the entire record, we conclude that Griffin-Bey’s first argument must fail because he has never asserted that presentation of the letter to him would have resulted in a different outcome at the disciplinary hearing.
 
 See Estes v. Texas,
 
 381 U.S. 532, 542-43, 85 S.Ct. 1628, 1632-33, 14 L.Ed.2d 543 (1965) (most claims of due process deprivations require a specific showing of prejudice);
 
 United States v. Hood,
 
 593 F.2d 293, 296 (8th Cir.1979) (violation of due process claim requires allegation of prejudice). Griffin-Bey has also failed to present any evidence that Bowersox and Rhodes should have been aware of any alleged due process violations. While it may be their duty in the administrative appeals process to insure compliance with the due process re
 
 *457
 
 quirements of
 
 Wolff v. McDonnell,
 
 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974),
 
 see Harper v. Lee,
 
 938 F.2d 104, 105 (8th Cir. 1991) (administrative appeals process is part of due process protection afforded prisoners), there is no indication Griffin-Bey made them aware of his due process claims,
 
 cf. id.
 
 (inmate’s appeals alerted officials to possible due process violation).
 

 Griffin-Bey’s second argument also fails because, even if a state regulation “raises a protected liberty interest]]] ... the court’s inquiry is not whether the [regulation] and therefore the Constitution is violated but whether the process afforded plaintiff ‘satisfied the minimum requirements of the Due Process Clause.’ ”
 
 Brown v. Frey,
 
 889 F.2d 159, 166 (8th Cir.1989) (quoting
 
 Hewitt v. Helms,
 
 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983)),
 
 cert. denied,
 
 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). The district court found that the disciplinary report satisfied the requirements of
 
 Wolff.
 
 Griffin-Bey does not argue that this finding was wrong.
 

 Accordingly, we affirm.
 

 [1]
 

 . The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.