5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Geary Eugene MCCOY, Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction;
Larry Fiedorowicz, Disciplinary Hearing
Administrator, Arkansas Department of
Correction, Appellees.
 No. 93-1539.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 1, 1993.
Filed: September 20, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Geary McCoy, an Arkansas inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas in his 42 U.S.C. Sec. 1983 action claiming prison officials deprived him of due process and discriminated against him in a disciplinary proceeding. For reversal, he argues that procedural violations require overturning the disciplinary decision. For the reasons discussed below, we affirm.
 
 
 2
 McCoy filed a complaint, naming as defendants Arkansas Department of Correction (ADC) Director A. L. Lockhart and ADC Disciplinary Hearing Administrator Larry Fiedorowicz. McCoy alleged officials forced him to submit to a random urinalysis and-though he has never smoked marijuana-he tested positive for marijuana according to "unreliable" testing by the ADC and the Arkansas State Crime Laboratory; he was found guilty of a major disciplinary violation on the basis of the test results. He also asserted that he was the victim of unequal treatment, because Fiedorowicz had reversed inmate James Williams's disciplinary based on Williams's word that he did not use marijuana.
 
 
 3
 A trial was held and, over McCoy's objection, the magistrate judge disallowed McCoy's witnesses-other than inmate Williams-because they offered only cumulative or hearsay testimony. Defendants subsequently filed the affidavit of John Byus, ADC Administrator of Medical and Dental Services, who explained the ADC's testing procedures. He stated that McCoy's specimen tested positive for marijuana under the ADC's "ADX system," and was sent to the state crime laboratory for confirmation testing. Byus further stated that, using a different type of test, the crime laboratory confirmed the presence of marijuana.
 
 
 4
 The magistrate judge made written findings of fact, and held that the ADC's drug testing method was reliable; that the use of a single officer at the disciplinary hearing did not violate McCoy's rights; and that the different outcomes in McCoy's and Williams's disciplinaries did not amount to discrimination. The magistrate judge then dismissed McCoy's complaint.
 
 
 5
 McCoy now argues Arkansas Statute 12-12-312 provides that information in the state crime laboratory's possession which relates to a crime is confidential and should be sent to a prosecutor or criminal court; thus, the laboratory could not legally release the confirmation-testing results to the ADC. He contends that the prison officer who submitted McCoy's specimen to the state crime laboratory failed to sign the chain-of-custody form when he obtained the specimen, in violation of administrative policy. McCoy argues that, because Williams's disciplinary was overturned on a procedural violation, his disciplinary should also be overturned based on the chain-of-custody violation; otherwise, discrimination will result. McCoy challenges the magistrate judge's refusal to allow him to read documents into the record at trial, and the refusal to issue subpoenas to McCoy's witnesses who (McCoy asserts) could have testified regarding the chain-of-custody violation. He also argues the use of a single disciplinary-hearing officer violated Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 6
 In the prison disciplinary context, due process requires only that the inmate be afforded the procedures set forth in Wolff, 418 U.S. at 563-72, and that there is "some" evidence supporting the disciplinary determination. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Byus's unchallenged post-trial affidavit attested that the ADX system was comparable to the "EMIT system" in accuracy and sensitivity. We have held that a single, uncorroborated EMIT urinalysis test may constitute "some" evidence in a prison disciplinary hearing. Harrison v. Dahm, 911 F.2d 37, 41-42 (8th Cir. 1990). Here, the comparably reliable ADX test results were corroborated, and constituted "some" evidence supporting the disciplinary decision. McCoy's contention that the state crime laboratory cannot send positive urinalysis results back to the ADC for disciplinary hearings is not supported by Ark. Code Ann. Sec. 12-12-312 (Michie 1987) as we read it. In any event, "without more, the mere violation of a state law or rule does not constitute a federal due process violation." See Williams v. Nix, Nos. 91-3187/91-3238/92-1837, slip op. at 13 (8th Cir. Aug. 10, 1993).
 
 
 7
 McCoy's remaining arguments also fail. We find nothing in Wolff to preclude the use of a single neutral hearing officer, and McCoy does not argue the officer lacked neutrality. While McCoy asserts that the magistrate judge did not allow him to present various chain-of-custody witnesses, McCoy does not explain in his brief how he was prejudiced by the supposed chain-of-custody violation. See Estes v. Texas, 381 U.S. 532, 542-43 (1965) (most due process claims require specific showing of prejudice); Griffin-Bey v. Bowersox, 978 F.2d 455, 456 (8th Cir. 1992) (per curiam) (citing Estes ). Likewise, McCoy does not explain how he was prejudiced by the magistrate judge's refusal to allow him to read documents into evidence. As to the claim of discrimination, the magistrate judge found that Williams and McCoy are of the same race, and their situations were not similar: Williams's disciplinary, unlike McCoy's, failed to meet the basic requirements set forth in Wolff.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)