21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Carl A. TERRY, Sr., Appellant,
v.
Tom FISCHER; Bob Faith; James Eberle; Earl Halderman;
Steve Gilpin; Stanley Chris Swicord; Cecil
Pettus; George Thompson, Appellees.
 No. 93-2712.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 3, 1994.
Filed: April 20, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl A. Terry, a Missouri inmate, appeals the district court's[1] grant of summary judgment in favor of the defendants in this 42 U.S.C. Sec. 1983 case. We affirm.
 
 
 2
 The record indicates that while Terry was assigned to the St. Mary's Honor Center (St. Mary's), he "failed to return." After he was recaptured, he was taken to Jefferson City Correctional Center (JCCC) and placed in Housing Unit # 1 (presumably, generalpopulation). Five days later, Terry appeared before a panel for an "initial" classification hearing; subsequently, he was removed from general population and placed in administrative segregation (ad-seg), pending an adjustment board hearing, "because of a previous Rule 4 conduct violation for escape and the fact that he had a detainer pending for capital murder and armed criminal action." The next day, the adjustment board determined that Terry should remain in ad-seg because he was a " 'walkaway' from St. Mary's ... and currently charged with capital murder."
 
 
 3
 While assigned to ad-seg, Terry filed a verified complaint, alleging that he was unconstitutionally removed from general population and assigned to ad-seg; that defendant Earl Halderman "trashed" a grievance form he completed concerning his reassignment to ad-seg; and that he had been impermissibly punished on three separate occasions for the "failure to return" charge (five years imprisonment imposed by the court for his escape from St. Mary's, an additional 505 days imprisonment added to his initial sentence to make up the time he was missing after escaping, and assignment to ad-seg). Terry sought injunctive relief and monetary damages, and requested that counsel be appointed to represent him.
 
 
 4
 The district court denied Terry's motion for appointment of counsel. Defendants answered and moved for summary judgment, arguing, inter alia, that prison officials were justified in placing Terry in ad-seg because of his escape from St. Mary's and his pending murder charge. The district court granted defendants summary judgment. Terry now argues that the district court erred because defendants denied him due process and equal protection, and that the district court abused its discretion by denying his request for appointed counsel.
 
 
 5
 We review de novo a district court's grant of summary judgment. Sperry v. Bauermeister, Inc., 4 F.3d 596, 597 (8th Cir. 1993). We conclude that defendants were entitled to summaryjudgment on Terry's classification claims because prison officials were justified in placing him in ad-seg based on security concerns. Terry had just been captured after escaping from St. Mary's. See Kelley v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (prevention of escape is valid justification for placing inmate in ad-seg). Halderman was entitled to summary judgment because Terry did not allege that he was denied a constitutional right after Halderman "trashed" his grievance. Cf. Griffin-Bey v. Bowersox, 978 F.2d 455, 457 (8th Cir. 1992) (per curiam) (federal court's inquiry is not whether prison regulation was violated but whether Constitution was violated). Terry's claim that he was impermissibly punished three times for the same conduct is meritless.
 
 
 6
 We do not consider Terry's equal protection claim because it was raised for the first time in his objections to the magistrate's recommendations on defendants' summary judgment motion. See Fed. R. Civ. P. 15 (party may amend complaint after answer is filed only with permission of court or adverse party); see also Robinson v. Wade, 686 F.2d 298, 304 (5th Cir. 1982) (district court did not abuse discretion by refusing to consider new claim raised in objections to magistrate's report). Finally, we conclude that the district court did not abuse its discretion by refusing to appoint counsel to represent Terry. See, e.g., Tisdale v. Dobbs, 807 F.2d 734, 737 (8th Cir. 1986).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri