24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Vernon E. HUBBARD, Appellant,
v.
Michael GROOSE; Dave Dormire; Pat Mantle; Pritchett,
Correctional Officer, Appellees.
 No. 93-3417.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: May 13, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Inmate Vernon E. Hubbard appeals the district court's[1] grant of summary judgment in favor of defendant prison officials in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 It is undisputed that in March 1992, a large number of homemade knives and other weapons were discovered in the All Faiths Chapel at Jefferson City Correctional Center (JCCC). Hubbard was a Catholic clerk in the chapel, and was questioned in conjunction with the investigation into the weapons. After he failed a psychological stress exam, indicating that he had knowledge of the presence of weapons, he received a conduct violation from Investigator Pat Mantle and was assigned to temporary administrative segregation (ad-seg). The Adjustment Board found Hubbard not guilty, based on a lack of evidence demonstrating that he had knowledge of the weapons in the chapel, but Superintendent Michael Groose reinstated the guilty finding. Hubbard then filed a grievance. In June 1992, Groose's guilty finding was reversed and the conduct violation was dismissed and expunged.
 
 
 3
 In May 1992, while Hubbard was still assigned to ad-seg, he filed this section 1983 complaint against Groose, Mantle, and Assistant Superintendent Dave Dormire, alleging that his due process rights had been violated and that he was being subjected to cruel and unusual punishment. The district court granted summary judgment to defendants. Hubbard filed a timely notice of appeal that names only Groose.
 
 
 4
 We reject defendants' argument that we lack jurisdiction to consider the appeal as to Mantle and Dormire. See Fed. R. App. P. 3(c) (West 1993) ("notice of appeal shall specify the party or parties taking the appeal" (emphasis added)); see also Fed. R. App. P. (3)(c) (West 1994). Hubbard's appeal, however, is meritless. Given that the conduct violation was expunged from his record through JCCC's grievance procedures, he was not denied due process. See Harper v. Lee, 938 F.2d 104, 105-06 (8th Cir. 1991). Likewise, Hubbard's temporary assignment to ad-seg, without more, could not amount to cruel and unusual punishment. See, e.g., Stringfellow v. Perry, 869 F.2d 1140, 1143 (8th Cir. 1989).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri