39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lee TRAYLOR, Plaintiff-Appellant,
v.
Robert K. DENTON; Rob P. Melton; Douglas Byrd, Defendants-Appellees.
 No. 94-6088.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Lee Traylor appeals from the district court's grant of summary judgment on his claims brought pursuant to 42 U.S.C.1983. Traylor, an inmate in the custody of the Oklahoma Department of Corrections, claims that defendants, department employees, violated his due process rights in connection with a misconduct charge and subsequent hearing and punishment. He also claims that they racially discriminated and conspired against him in investigating the alleged misconduct.
 
 
 4
 Defendants filed a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), and moved for dismissal. The magistrate judge to whom the case had been referred converted the motion to one for summary judgment, gave Traylor an opportunity to respond, and then recommended that the motion be granted. Traylor filed objections to the report and recommendation. The district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of defendants.
 
 
 5
 We review a grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Because Traylor proceeds pro se, we construe his pleadings liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Because he is the nonmovant, we view the facts and draw all inferences in his favor. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 6
 Viewed in the required light, the record indicates after notice, Traylor was segregated from the general prison population at a medium security prison and placed in the residential housing unit pending investigation of a charge of sexual menacing. Four days later, defendant Byrd prepared a facility transfer form recommending that Traylor be transferred to the Oklahoma State Penitentiary, a maximum security facility. The form, also signed by defendant Denton, stated Traylor was being transferred because he had "been identified as a sexual predator" and was "considered a severe threat to institutional security and stability."
 
 
 7
 Defendant Denton investigated the incident and referred the matter for a disciplinary hearing. A disciplinary hearing was held, but Traylor refused to attend. The disciplinary officer, defendant Byrd, found Traylor guilty of the misconduct. As the basis for the punishment imposed, Byrd wrote "Mr. Traylor's behavior creates extremely severe security concerns, and are not consistent with any of our society's guidelines." He imposed punishment of fifteen days' disciplinary segregation, loss of ninety earned credits, and loss of thirty days' canteen privileges. Defendant Melton, as acting warden, denied Traylor's first-level appeal.
 
 
 8
 After having his transfer approved and after serving his disciplinary segregation, Traylor was placed on "transit detention" pending his transfer to the maximum security state penitentiary. He was transferred subsequently. Traylor appealed the misconduct to the department director who ordered a rehearing because the disciplinary officer had not properly certified the reliability of a confidential witness's testimony. At the rehearing, which was before a new disciplinary officer and was at the state penitentiary, Traylor was found not guilty of the misconduct because there was insufficient evidence and the offense form was outdated. Traylor's earned credits were apparently restored, but he was not transferred back to the medium security facility.
 
 
 9
 On this appeal, Traylor claims that he was deprived of procedural due process because of the failure to comply with various state disciplinary procedures and because of the denial of an impartial decisionmaker at his first disciplinary hearing. He claims that Byrd and Denton conspired against him to deny him due process. He also claims that he was a victim of racial discrimination because he was investigated for assaulting a white inmate but not for assaulting a black inmate.
 
 
 10
 We agree with the district court that Traylor has not shown intentional discrimination or agreement and actions by defendants to discriminate against him and that his discrimination and conspiracy claims therefore fail. See, e.g., Koch v. City of Hutchinson, 814 F.2d 1489, 1495 (10th Cir.1987), cert. denied, 488 U.S. 909 (1988); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). We also agree that no federal rights were infringed by Traylor's transfer to the maximum security facility, even if it was done as punishment, Montanye v. Haymes, 427 U.S. 236, 242-43 (1976), or by his placement in administrative segregation for investigation and transit detention where there is no indication that state law or regulations limited prison authorities' discretion to do so, Hewitt v. Helms, 459 U.S. 460, 466-67 (1983); Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994). Further, Traylor's due process claim regarding noncompliance with state procedures fails because state procedures do not define what is required under federal due process. Glatz v. Kort, 807 F.2d 1514, 1517 n. 4 (10th Cir.1986).
 
 
 11
 We do, however, conclude that Traylor legitimately raises the issue of whether he was deprived of his due process right to an unbiased decisionmaker at his first disciplinary hearing.[2] An impartial decisionmaker is a fundamental due process requirement, see, e.g., Withrow v. Larkin, 421 U.S. 35, 46-47 (1975), that is fully applicable in the prison context. Malek v. Camp, 822 F.2d 812, 815-16 (8th Cir.1987); see also Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990) (recognizing due process requirement of factfinders' neutrality in prison disciplinary context) (citing Wolff v. McDonnell, 418 U.S. 539, 571 (1974) (existence of a "hazard of arbitrary decision making" may violate due process)); Diercks v. Durham, 959 F.2d 710, 713 (8th Cir.1992) (finding it clearly established in 1988 that charging officer cannot sit in judgment in disciplinary hearing). There must be a substantial showing of bias to prevail on this type of claim. Withrow, 421 U.S. at 47, 58 (claim of bias "must overcome presumption of honesty and integrity in those serving as adjudicators" and present situation in which the "risk of unfairness is intolerably high"); Corstvet v. Boger, 757 F.2d 223, 229 (10th Cir.1985). Prison officials with only remote involvement in a disciplinary case are not precluded from sitting in judgment. Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir.1974).
 
 
 12
 The evidence here shows that shortly after the alleged misconduct and prior to the hearing, defendant Byrd recommended Traylor's transfer to the state penitentiary in large part because of the alleged misconduct. A reasonable inference is that prior to the hearing, Byrd had already concluded that Traylor was guilty of the misconduct and was therefore biased against him before the hearing began. See Staton v. Mayes, 552 F.2d 908, 914 (10th Cir.) (finding bias where hearing preceded by "statements on the merits by those who must make factual determinations on contested fact issues"), cert. denied, 434 U.S. 907 (1977). This inference of bias is sufficient to defeat defendants' summary judgment motion. Byrd's precise role and level of involvement in the matter prior to the hearing is unclear from the record before us. Unlike Staton, we cannot say that as a matter of law, Byrd was biased and that his acting as disciplinary officer violated Traylor's due process rights. The district court will have to determine that on remand.
 
 
 13
 We disagree with the magistrate judge who commented that even if the disciplinary hearing denied Traylor due process, Traylor had no claim because the reversal on administrative appeal cured the violation, citing Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir.1992), cert. denied, 114 S.Ct. 115 (1993), which in turn relied on Harper v. Lee, 938 F.2d 104, 105-06 (8th Cir.1991). Both cases are inapposite because the prisoners experienced no harm as a result of the denial of due process.
 
 
 14
 In contrast, Traylor had already served his disciplinary segregation time prior to the administrative reversal and dismissal of charges on rehearing. He apparently experienced harm as a result of the initial disciplinary hearing, and that harm does not seem to have been cured. His claim is therefore colorable. See Carey v. Piphus, 435 U.S. 247, 266 (1978); see also Diercks, 959 F.2d at 712, 714 (upholding jury award of $3,600 in actual damages for segregation resulting from improper disciplinary proceedings).
 
 
 15
 Defendants also raise Eleventh Amendment and qualified immunities as alternative grounds for affirmance. To the extent Traylor is suing defendants in their official capacities, his claim fails because it is barred by Eleventh Amendment immunity. See Wallace v. Oklahoma, 721 F.2d 301, 303-04 (10th Cir.1983). That conclusion, however, does not reach the defendants in their individual capacities. We agree with Diercks' conclusion that the law requiring an unbiased decisionmaker was clearly established prior to the events in this case. 959 F.2d at 713. Traylor has presented sufficient facts and allegations to show that defendants may have violated that clearly established right. See Patrick v. Miller, 953 F.2d 1240, 1251 (10th Cir.1992).
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the case is REMANDED for proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 Defendants contend that Traylor did not present this issue to the district court and has therefore waived it. Traylor clearly raised this issue in his objections to the magistrate judge's report. In addition, though he couched it in terms of a state procedural violation, he also challenged Byrd's acting as decisionmaker in his opposition to summary judgment and in his first administrative appeal
 Defendants do not, and indeed, could not seriously contend that Traylor was not entitled to due process prior to his disciplinary segregation. See Frazier v. DuBois, 922 F.2d 560, 563 (10th Cir.1990) (placing inmate in segregation as punishment requires due process); Prock v. District Court, 630 P.2d 772, 777-78 & n. 12 (Okla.1981).