39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dwight L. FORD, Appellant,
v.
CO-1 Gary FORTENBERRY, Cummins Unit, Arkansas Department of
Correction; Major James Byers, Cummins Unit, Arkansas
Department of Correction; Willis Sargent, Warden, Cummins
Unit, Arkansas Department of Correction, Appellees.
 No. 93-3806.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1994.
Filed: November 7, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dwight L. Ford, an Arkansas prisoner housed in Cummins Unit, appeals from the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). We review for abuse of discretion, see Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992), and we affirm.
 
 
 2
 Ford claimed that he could not work because he had not received prescribed orthopedic boots, and that a medical "script" on file in the prison infirmary excused him from work. He alleged that corrections officer Gary Fortenberry violated the Eighth Amendment provision against cruel and unusual punishment by issuing him a major disciplinary for unexcused absence from work and failure to obey orders. Dismissal under Sec. 1915(d) is authorized if an action lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Prison officials violate the Eighth Amendment when they "knowingly ... compel convicts to perform physical labor ... which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful." See Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993) (internal quotations omitted). Ford did not allege that Fortenberry knew of his need for special boots or of the medical "script." He alleged only that Fortenberry never "approached" him about why he was not going to work; this implies that Fortenberry in fact did not know about Ford's medical restrictions. A prison official's mere negligence or inadvertence does not rise to the level of an Eighth Amendment violation. Id. Ford's Eighth Amendment claim thus lacked an arguable basis in law, and the district court's dismissal was not an abuse of discretion.[2]
 
 
 3
 Ford also alleged that hearing officer James Byers denied him due process at his disciplinary hearing because Byers did not contact the infirmary to verify that Ford had a medical "script" on file. This claim also lacked an arguable basis in law. The "script" did not excuse Ford from work. See Ford v. Rogers, No. 94-1198, slip op. at 2 n.2 (8th Cir. Aug. 10, 1994) (unpublished per curiam) (case involving same appellant and same medical script). Thus, Ford did not show how he was prejudiced by Byers' refusal to call the infirmary. See Estes v. Texas, 381 U.S. 532, 542-43 (1965) (most due process claims require specific showing of prejudice); Griffin-Bey v. Bowersox, 978 F.2d 455, 456 (8th Cir. 1992) (per curiam) (inmate disciplined for writing letter to another inmate was not denied due process by failure of disciplinary committee to produce letter at his request, absent assertion that presentation of letter would have resulted in different outcome at disciplinary hearing). We also find that Ford's disciplinary determination was supported by some evidence, as he never denied that he did not report to work. See Superintendent v. Hill, 472 U.S. 445, 454 (1985); Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 We therefore need not reach the question of whether knowingly disciplining an inmate for refusing to perform medically dangerous work can itself constitute an Eighth Amendment violation