_____

No. 94-3482
_____

Allen McCarter,                          *
                                         *
          Appellant,                     *
                                         *
     v.                                  *
                                         * Appeal from the United States
S. Plaster; George Adams;                * District Court for the
K. Baysinger; Gerald Bommell;            * Western District of Missouri
Dan Kempker; Earl Halderman;             *
Cecilroy Pettus; Vernon Taylor;          *      [UNPUBLISHED}
Michael Groose,                          *
                                         *
          Appellees.                     *

_____

          Submitted:  April 23, 1996

          Filed:  August 28, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Allen McCarter appeals from the final judgment of the District Court[1]
for the Western District of Missouri granting defendant prison officials
summary judgment in this 42 U.S.C. § 1983 action.  For the reasons
discussed below, we affirm.


     In his verified complaint, McCarter alleged that on August 5, 1992,
he was placed in temporary segregation during an investigation of a prison
yard assault on another inmate.  The next day, McCarter received a conduct
violation report from Sam Plaster, stating McCarter "was observed in gang-
related activities involving

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri.

an assault . . .[,] wearing his gang colors and trying to [e]ncourage other inmates to get involved." McCarter alleged that at the August 12 adjustment board hearing, he stated an inmate was braiding his hair on August 5, he was not wearing gang colors, he was not a gang member and was not involved in the fight, and Plaster was not in the yard when the fight occurred. The adjustment board denied McCarter's request for admission of the property inventory sheet to show what he was wearing that day, found McCarter guilty based on the reporting officer's "observation and account of activities," and assigned him to administrative segregation. McCarter continued to assert his innocence before the classification committee and in grievances to the superintendent. McCarter claimed a violation of his due process and Eighth Amendment rights. He sought declaratory and injunctive relief and damages.

Defendants answered the complaint and responded that McCarter's request for immediate release from administrative segregation was moot because his conduct violation had been expunged and he was transferred to general population on December 29, 1992. Defendants then moved for summary judgment, arguing that McCarter received all the process he was due.

After the district court expressed concern at a pretrial conference that defendants could be liable if they knowingly gave McCarter a false conduct violation, defendants supplemented their summary judgment motion with affidavits from Plaster and George Adams. Adams attested that he and several of his subordinates investigated the assault; they "picked up an inmate" who implicated several inmates (believed by officials to be gang members) and who stated McCarter incited the attack. Adams attested that he had a conduct violation typed up because McCarter's involvement "had been observed," and that he had Plaster, who was one of the first officers on the scene following the assault, sign the conduct violation. Plaster attested that, although he did not personally

observe McCarter engaging in gang-related activities, he trusted his superior officer (Adams) and believed that the conduct violation had been typed up in an effort to preserve the safety and security of the institution. The district court then concluded that McCarter was afforded all of his procedural due process protections when his conduct violation was expunged, citing Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (per curiam).

We need not decide whether the expunction could cure all due process violations, because we conclude on the basis of the record before us that the conduct violation was supported by "some evidence," and thus McCarter was not deprived of due process. See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.), cert. denied, 510 U.S. 997 (1993).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.