**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1030
_____

JEFFREY E. SIMPSON,
            Appellant
v.

B.A. BLEDSOE, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-01591)
District Judge:  Honorable Malcolm Muir
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2010
Before:  SLOVITER, CHAGARES AND WEIS, Circuit Judges

(Opinion filed: May 4, 2010)
_____

OPINION
_____

PER CURIAM.

Jeffrey E. Simpson, a federal inmate, appeals from the denial of his habeas

corpus petition under 28 U.S.C. § 2241.  We will affirm.

In January 2009, while housed at FCI-Allenwood, Simpson was charged in

an incident report with violating Bureau of Prisons Disciplinary Code 218, which prohibits Destroying, Altering, or Damaging Property Valued in Excess of $100. According to a incident report prepared by Officer R.W. Alexander, Simpson had removed stuffing from his mattress and fashioned it into a pillow. Based on the severity of the possible sanctions, the Unit Discipline Committee ("UDC") referred the matter to the Disciplinary Hearing Officer ("DHO"). See 28 C.F.R. § 541.15(h). Simpson requested that Officer Alexander appear as a witness and asked for information in a "log book as to the condition of the mattress [upon] Simpson's arrival in the cell." At the DHO hearing, Simpson acknowledged that he had removed material from inside the mattress, but claimed that the mattress was already damaged when it was issued to him.

In an initial report issued on February 27, 2009, the DHO found Simpson guilty, citing Simpson's testimony, the incident report, and a memorandum from a Bureau of Prison's employee stating that the replacement cost of the mattress was $122.50. The report did not indicate whether Officer Alexander testified, but the DHO's hearing worksheet stated "Alexander declined - wrote report." The DHO ordered Simpson to pay restitution, imposed 30 days of disciplinary segregation, disallowed good conduct time (27 vested days and 13 non-vested days), and impounded his personal property for one month.

Simpson appealed to the Bureau of Prisons Northeast Regional Office. While the appeal was pending, the DHO issued an amended report noting that Officer

2

Alexander had in fact testified at the hearing, but that his "testimony was accidentally stricken from the [initial] DHO report." According to the amended report, Officer Alexander explained that Simpson "was issued a good mattress" and that "[w]e do not give the mattresses out if they are torn." The Regional Office denied the appeal, concluding that the DHO's decision was "based upon the greater weight of the evidence and the sanctions imposed were consistent with the severity level of the prohibited act."

Simpson filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania challenging the disciplinary proceeding and the loss of good-conduct time. The District Court denied the petition, concluding that Simpson's due process rights were not violated and that there was sufficient evidence to support the DHO's decision.[1] Simpson appealed. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary over a district court's legal conclusions. Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). We may affirm the District Court on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

A prisoner facing the loss of good-conduct time as a result of an infraction is entitled to certain procedural protections in the disciplinary proceedings. See Wolff v.

---

[1] The District Court held in part that "to the extent that Simpson claims that his delay in the receipt of his initial hearing violated the BOP's regulations and his due process rights, the Court finds no merit to this argument." Simpson does not challenge this conclusion on appeal.

McDonnell, 418 U.S. 539, 564-65 (1974). The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In addition, to comport with the requirements of due process, the decision of the DHO must be supported by "some evidence." Id. The "some evidence" standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Id. at 455-56. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id.

Simpson alleges that the DHO falsely claimed in the amended report that Officer Alexander had testified at the hearing. According to Simpson's complaint, Officer Alexander "was not working on my hearing date, he was in fact in training for that week!" Notably, though, Simpson offers no evidence confirming this assertion. Thus, the only support for Simpson's falsification argument is the notation on the DHO's hearing worksheet that Officer Alexander "declined" and the omission of any reference to Officer Alexander's testimony in the initial report. In light of the DHO's explanation that Officer Alexander's "testimony was accidentally stricken from the [initial] DHO report," however, we conclude that the perceived discrepancies in the record do not support

4

Simpson's claims.[2]

Simpson also complains that he was not permitted to call as a witness an "unknown officer" or introduce documentary evidence to establish that he "was issued a damaged mattress which did not in fact exceed $100 in value." Prior to the hearing, Simpson was provided with an opportunity to identify any witnesses he wished to call. In response, Simpson named only Officer Alexander. Moreover, the DHO's report reflected that "[a]t the outset of this hearing, [Simpson] . . . waived . . . witness testimony." Simpson also asked for information in a "log book as to the condition of the mattress [upon] Simpson's arrival in the cell." See Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (suggesting due process violation occurred where disciplinary committee initially refused to allow introduction of prison log books containing allegedly exculpatory information). But, given Simpson's admission that he had removed material from the mattress to make a pillow, evidence of prior damage to the mattress would not have been exculpatory. See Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006) (applying harmless error review "to a habeas petition alleging a denial of the right to present witnesses at prison disciplinary hearing.").

---

[2] Furthermore, we note that Officer Alexander's absence from the hearing would not necessarily result in a due process violation. Indeed, "[t]he reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." 28 C.F.R. § 541.17(c).

Finally, we reject Simpson's claim that the alleged prior damage to the mattress reduced its value to an amount below the $100 threshold required for a violation of Disciplinary Code 218. To the extent Simpson challenges the weight of the evidence, we conclude that the DHO's determination is adequately supported by Simpson's admissions, the incident report, and the memorandum indicating that the replacement cost of the mattress was $122.50.

Therefore, we will affirm the District Court's judgment denying habeas relief.