Russell E. CARNEY, Appellant,

v.

Robert HOUSTON; Harold Clark; Linda
Lenard; Wilber Newell; Department
of Corrections, Appellees.

No. 93–2380.

United States Court of Appeals,
Eighth Circuit.

Submitted July 27, 1994.

Decided Aug. 18, 1994.

Russell E. Carney, pro se.

---

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Russell E. Carney, a Nebraska inmate, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Carney brought this action against several prison officials, alleging that they improperly used a failure-to-appear charge to withhold four points from his classification score. Carney asserted that he had failed to appear at a Nebraska court hearing in July 1991 because he was in jail in Kansas, and that he was never formally charged because "the failure to appear was part of a plea bargain for [him] to plead no contest." Carney alleged that defendants' scoring error precluded him from participating in a work release program. He sought monetary and injunctive relief, and appointment of counsel.

A magistrate judge directed filing of Carney's complaint and provisionally granted him leave to proceed *in forma pauperis,* pending receipt of a copy of Carney's trust account. Two weeks later, a second magistrate judge reviewed Carney's complaint under the district court's Local Rule 83.10(d)[1] and concluded Carney had failed to state a due process claim. The magistrate judge, however, granted Carney leave to amend his complaint to "indicate what statute or regulation require[d] the classification committee to refrain from considering conduct for which [Carney] was not convicted."

Carney filed his amended complaint, reasserting his allegations and adding that Neb.Admin.R. & Regs. § 201.4 (1993) and the fourth factor for reclassification on the score sheet created a liberty interest. The score sheet's fourth factor provided in part: "Exclude Failure to Appear entries for traffic fines and where Failure to Appear was caused by inmate being incarcerated." The score sheet also called for adding three points if a failure-to-appear charge was filed

within the previous three years, versus seven points if an inmate was never charged with failure to appear. The score sheet directed consideration of promotion or demotion, depending on the total score.

■ After an additional review under Rule 83.10, but before service of process, the magistrate judge recommended dismissing Carney's complaint for failure to state a claim. The magistrate judge concluded section 201.4 did not provide a protected liberty interest because it did not address a failure-to-appear charge and it did not limit the discretion of the classification committee. The magistrate judge further concluded the language of the score sheet did not provide a protected liberty interest because it merely set out a process for determining whether an inmate should be "considered" for promotion, not "when an inmate must be given a promotion." The district court adopted the magistrate judge's report over Carney's objections and dismissed his complaint with prejudice under Rule 12(b)(6). On appeal, Carney argues he has a liberty interest in a lower custody status.

■ We review de novo the district court's dismissal of Carney's action under Rule 12(b)(6). *See Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n,* 970 F.2d 421, 425 (8th Cir.1992). We must construe the allegations in the complaint in the light most favorable to Carney, *see id.,* and should not approve dismissal of his complaint for failure to state a claim unless "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted).

■ The Due Process Clause does not itself create a liberty interest in a particular prison classification. *Nash v. Black,* 781 F.2d 665, 668 (8th Cir.1986). State law, however, may create a liberty interest through "substantive limitations on official discretion." *Olim v. Wakinekona,* 461 U.S. 238,

1. Rule 83.10(d) provides in part that, after the plaintiff has been allowed to proceed in forma pauperis, a magistrate judge may review the complaint and recommend dismissal to the dis-

trict court if the complaint fails to state a claim upon which relief may be granted under Fed. R.Civ.P. 12(b)(6), or the complaint is legally frivolous or malicious under 28 U.S.C. § 1915(d).

249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). A liberty interest is created if state law contains "substantive predicates" to the exercise of discretion and "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989) (citations omitted).

We agree with the district court that section 201.4 and the score sheet fail both prongs of the *Thompson* test because neither places any substantive restrictions on the discretion of prison officials or commands a particular outcome. Thus, section 201.4 and the score sheet do not create a liberty interest and Carney failed to state a claim upon which relief may be granted.

As for the *sua sponte* dismissal of Carney's complaint under Rule 12(b)(6) prior to service of process, we must remind the district court of our opinion in *Gentile v. Missouri Dept. of Corrections*, 986 F.2d 214 (8th Cir.1993). In *Gentile*, we clarified the process district courts should follow in provisionally filing *in forma pauperis* complaints under section 1915. We reiterated that determining whether a complaint is frivolous or malicious precedes the decision whether to grant *in forma pauperis* status and whether to order issuance and service of process. *Id.* at 217. If the complaint is frivolous or malicious, the district court should dismiss it out of hand. If, however, the complaint is not frivolous or malicious, the district court should grant *in forma pauperis* status and order issuance and service of process. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 329–30, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989)). "The case should then proceed under the Federal Rules of Civil Procedure as any paid complaint does, except that if the Court becomes convinced at any time that the complaint is frivolous or malicious, it may revoke *in forma pauperis* status and dismiss the complaint under 28 U.S.C. § 1915(d)." *Id.; see also Williams v. White*, 897 F.2d 942, 944 n. 1 (8th Cir.1990).

Local Rule 83.10(d) and the procedures followed in this case do not conform to *Gentile*. After *in forma pauperis* status was granted, the second magistrate judge undertook a Rule 83.10(d) determination of whether Carney's complaint was frivolous or malicious under section 1915(d) and also whether it failed to state a claim under Rule 12(b)(6). Under *Gentile*, once the complaint was determined not to be frivolous and *in forma pauperis* status was granted, the magistrate judge should have immediately issued process and treated Carney's complaint as any other "paid complaint" under the Federal Rules of Civil Procedure. The procedures for "paid complaints" do not provide for dismissals prior to service of process.

Notwithstanding the failure to comply with *Gentile*, we believe the error in this case was harmless because Carney received full notice of the insufficiency of his original complaint and had a meaningful opportunity to rectify the deficiencies by filing an amended complaint. *See Neitzke*, 490 U.S. 319, 329–30, 109 S.Ct. at 1834 (1989) (observing that motion to dismiss under Rule 12(b)(6) provides plaintiff with notice that complaint fails to state claim and opportunity to amend complaint). We do not intend to endorse this course of action in future cases and we trust that the magistrate judges and district court judges will henceforth comply fully with *Gentile*.

Accordingly, we affirm the judgment of the district court.