51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frankie Levi COLE, Appellant,
v.
Richard LEECH; Michael Conn; Linda Leonard; Robert
Houston; Edward Fabian; Charles West; Larry A.
Tewes; Jeffrey Parker; Harold W.
Clarke; Frank X. Hopkins, Appellees.
 No. 94-2038.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nebraska inmate Frankie Levi Cole appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 action under Federal Rule of Civil Procedure 12(b)(6) before service of process. We affirm.
 
 
 2
 Cole filed a state court action challenging the constitutionality of the Omaha Correctional Center's strip-search procedures, contending the policy conflicted with administrative regulations. Cole submitted a request for production of documents, which was denied. Cole brought this section 1983 action against various defendants, including prison officials who were allegedly "responsible for the policy denying [him] access to the requested [regulations]," claiming he was denied meaningful access to the courts.
 
 
 3
 The magistrate judge[2] granted Cole leave to amend to cure deficiencies in his complaint. Cole filed an affidavit asserting, inter alia, that Nebraska Rule of Civil Procedure 26-b(1) (discovery rule) created a liberty interest in the documents. The magistrate judge then recommended dismissal under Rule 12(b)(6), concluding that Cole had failed to assert how the individual defendants were personally involved in violating his constitutional rights, that Cole did not have a federal constitutional due process right to the documents, that Cole did not show that the prison system denied inmates access to the courts, and that Cole failed to allege actual prejudice. The district court, adopting the magistrate judge's recommendations, dismissed the action under Rule 12(b)(6), and granted Cole leave to proceed in forma pauperis on appeal.
 
 
 4
 In Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and its procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review this dismissal for harmless error.
 
 
 5
 In this action, Cole is attempting to challenge in federal court an adverse discovery order of a state trial judge. "A violation of state law, without more, is not the equivalent of a violation of the Fourteenth Amendment." Meis v. Gunter, 906 F.2d 364, 369 (8th Cir. 1990), cert. denied, 498 U.S. 1028 (1991). Moreover, Cole may proceed in state court to challenge the denial of discovery. Upon our review of the record, we conclude that Cole did not complain that the prison system generally deprived inmates of meaningful access to the courts, see Bounds v. Smith, 430 U.S. 817, 828 (1977) (prisons must provide adequate opportunities for gaining access to courts), or that he personally was prejudiced by the prison's policies, see McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993) (prejudice requirement). Thus, we agree with the district court that Cole did not state a claim for denial of access to the courts, and we conclude that the district court's procedural error was harmless.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska