51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bonnie McCASLIN, Appellant,
v.
Unknown BOZARTH, Dr., York General Hospital Outpatient;
Medical Review Board, Nebraska Department of Corrections;
Department of Corrections, State of Nebraska; Harold W.
Clarke, Director, Nebraska Department of Corrections;
Nebraska Center for Women; Larry Wayne, Superintendent,
Nebraska Center for Women; Nebraska Center for Women,
Medical Department; Margaret Whelan, Head of Nursing,
Nebraska Center for Women Medical Department; John Doe, In
Their Official & Individual Capacity, Appellees.
 No. 93-2507.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bonnie McCaslin appeals from the district court's[1] order dismissing some claims as frivolous under 28 U.S.C. Sec. 1915(d), and dismissing other claims under Federal Rule of Civil Procedure 12(b)(6)-before service of process-for failing to state a claim upon which relief can be granted. We affirm.
 
 
 2
 While McCaslin was incarcerated in Nebraska, she brought this 42 U.S.C. Sec. 1983 action alleging that prison officials did not properly treat an arm injury she sustained before her incarceration, in that they refused to pay for surgery deemed elective and failed to fill her prescription for vitamin C. McCaslin named as defendants orthopedist Dr. Bozarth, the Medical Review Board (MRB), Nebraska Center for Women (NCW), Nebraska Center for Women Medical Department (NCWMD), the Department of Corrections (DOC), Director Harold Clark, Superintendent Larry Wayne, Nurse Margaret Whelan, and John Doe.
 
 
 3
 The magistrate judge[2] granted McCaslin leave to amend her complaint to show how certain named defendants were deliberately indifferent to her medical needs and to name, if appropriate, the individual members of MRB, NCW, and NCWMD. McCaslin filed an amended complaint, clarifying that "John Doe" referred to individual members of MRB, identifying certain acts of some individual defendants, and asserting that she had a "liberty interest" in obtaining the surgery because it was necessary to correct a limb disability and alleviate her substantiated pain. She attached a copy of a prison regulation defining when surgery would not be considered elective.
 
 
 4
 The magistrate judge recommended dismissing as frivolous the complaint against DOC, MRB, NCW, and NCWMD because they were not parties subject to suit under section 1983. The magistrate judge further recommended dismissal under Rule 12(b)(6) as to the individual defendants because McCaslin did not allege facts indicating that any of them was deliberately indifferent. The district court adopted the recommendations and dismissed the action.[3]
 
 
 5
 We agree with the district court's section 1915(d) dismissal of those claims against the state institutional defendants. See Aubuchon v. Missouri, 631 F.2d 581, 582 (8th Cir. 1980) (per curiam) (state not a "person" within section 1983), cert. denied, 450 U.S. 915 (1981).
 
 
 6
 The sua sponte dismissal of McCaslin's complaint under Rule 12(b)(6) prior to service of process is more problematic. In Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the Rule 12(b)(6) dismissal for harmless error.
 
 
 7
 The essence of McCaslin's complaint is that prison officials violated institutional policy when they did not approve her arm surgery. McCaslin, however, did not assert which prison officials were involved in the denial of her request for surgery, or the basis for the decision. Because McCaslin was given the opportunity to amend her complaint, and she did not cure the deficiency by supplying sufficient facts to support a claim against these defendants, we conclude that the district court's procedural error was harmless.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [3]
 Pursuant to 28 U.S.C. Sec. 1915(d), the magistrate judge also ordered McCaslin to pay a partial filing fee, which she did not pay. Because the amount of the filing fee is within the discretion of the district court, we believe that the district court's consideration of the merits despite lack of payment is also within the court's discretion. We granted McCaslin's application to proceed in forma pauperis on appeal