51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Herbert Cline BEWLEY, Appellant,
v.
John J. DAHM; Harold W. Clarke; Daniel C. Danaher; Unknown
Osbourne, Doctor; Unknown Miller, Doctor; Don
Marx; Dennis Dillion; John Doe, Dr.
"K"; Unknown K, Dr., Appellees.
 No. 93-2514.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Herbert Cline Bewley appeals from the district court's order dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6)-before service of process-for failing to state a claim upon which relief may be granted. We reverse and remand for further proceedings.
 
 
 2
 Bewley, a Nebraska inmate, injured his back at his prison job with Cornhusker State Industries (CSI). In a 42 U.S.C. Sec. 1983 complaint, he alleged that his Eighth Amendment rights were violated when prison officials improperly treated his injuries, and that he was denied due process when he was fired from his job for missing work as a result of his injuries. Specifically, Bewley alleged that for five months prison physicians treated his back injury with only temporary doses of minor pain medication, and provided him with a weight-lifting belt instead of a proper back brace. Bewley alleged that, after six months, he finally received anti-inflammatory medication and his first x-ray, and prison staff scheduled Bewley for an MRI examination.
 
 
 3
 The magistrate judge ordered Bewley to pay a partial filing fee under 28 U.S.C. Sec. 1915(d), which Bewley paid. The magistrate judge then twice granted Bewley leave to amend his complaint, to present additional facts explaining how doctors acted with deliberate indifference and whether he had a property interest in his prison job. Bewley attached to his second amended complaint a page from an inmate work agreement, which provided, inter alia, that inmates would "not be paid for absences from work except for CSI work related injuries (as governed by procedures)" and that "work related medical absences will be handled according to CSI regulations governing such." Bewley also alleged that the medical department "forgot" he had a piece of stainless steel in his ear, and denied his request for a myelogram instead of an MRI. The magistrate judge granted Bewley leave to file a third amended complaint to supply the governing regulations. Bewley did not attach the regulations to his third amended complaint.
 
 
 4
 The magistrate judge recommended dismissal under Rule 12(b)(6), concluding that Bewley had failed to show a liberty interest in his job and had alleged only a disagreement with his medical treatment. The district court adopted the magistrate judge's recommendations over Bewley's objections and dismissed the action for failure to state a claim. This court granted Bewley leave to proceed in forma pauperis on appeal.
 
 
 5
 Bewley argues the district court erred in dismissing his Eighth Amendment claim, asserting that he experienced hearing loss and underwent additional ear surgery following his MRI, and that prison officials showed deliberate indifference by delaying needed treatment as well as by failing to provide adequate treatment. Bewley further argues that he was unable to provide proof of a liberty interest in his job because prison officials refused to provide him with the applicable administrative regulations.
 
 
 6
 In Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the dismissal of this complaint for harmless error.
 
 
 7
 Upon our careful review of the record, we conclude that Bewley may have stated a claim that prison officials were deliberately indifferent to his serious medical needs. Although Bewley's factual allegations indicate that medical staff responded to his requests for treatment, we believe that Bewley's allegations of delay in treatment and of the administration of the MRI which caused hearing loss arguably raise a claim upon which relief could be granted.
 
 
 8
 In addition, Bewley's due process claim depends on whether the CSI regulations create a liberty interest. Bewley asserted he was unable to produce those regulations. Considering his pro se status, we do not believe the failure of prison officials to produce the applicable regulations, if any, should bar Bewley's claim at this stage of the proceedings. Because Bewley's claims are not frivolous and he has paid his partial filing fee, his complaint should be treated in the same manner as a complaint that was not filed in forma pauperis. See In re Funkhouser, 873 F.2d 1076, 1077 (8th Cir. 1989) (per curiam). Thus, Bewley would be entitled to the benefit of discovery procedures to assist him in securing the applicable regulations.
 
 
 9
 Without expressing any opinion on the merits of Bewley's claims, we conclude that the district court's error is not harmless, and we remand for further proceedings.