51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kenneth BINNICK, Appellant,
v.
County of LANCASTER, Personnel Board; Fred W. Briggs,
Building Administrator, County City Building & Grounds;
Michael Lee, County City Building Superintendent; Mathew K.
Lawson, County City Building Maintenance Supervisor, Appellees.
 No. 94-1754.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth Binnick appeals from the district court's[1] order dismissing as frivolous his claim that his employer denied him his right to travel, and dismissing his remaining claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.
 
 
 2
 Binnick filed this action asserting that he was threatened with suspension and termination in a discriminatory manner while employed with the Lancaster County Personnel Board; that he was deprived of his constitutional rights of freedom of religion, speech, and travel; and that he was wrongly accused of sexual harassment of a female employee. The magistrate judge[2] granted Binnick leave to proceed in forma pauperis and leave to file several amended complaints to cure deficiencies in his complaint. Binnick amended his complaint, alleging that, as a result of a "misunderstanding" based on "cultural differences," his supervisors ordered him to refrain from speaking or coming into contact with a female employee. He claimed that an order suspending him for ten days after he attempted to speak with the female employee interfered with his freedom of speech, travel, and religion.[3]
 
 
 3
 The magistrate judge recommended dismissal of the travel claim under 28 U.S.C. Sec. 1915(d) because the right to travel protects only against unreasonable burdens on state-to-state travel, not intra- office travel. The magistrate judge further recommended dismissal under Rule 12(b)(6) of the First Amendment speech and religion claims because the prohibition against speaking to the female employee did not involve a matter of public concern, and Binnick's employer did not hinder the free exercise of his religious beliefs. The district court adopted the magistrate judge's recommendations over Binnick's objections and dismissed the action. The district court also denied Binnick's motion for reconsideration, and granted him leave to proceed in forma pauperis on appeal.
 
 
 4
 We find no abuse of discretion in the district court's 28 U.S.C. Sec. 1915(d) dismissal of Binnick's travel claim. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992) (standard of review); Shapiro v. Thompson, 394 U.S. 618, 629-31 (1969) (right to travel).
 
 
 5
 In Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the Rule 12(b)(6) dismissal for harmless error.
 
 
 6
 After carefully reviewing the record, we agree with the district court that Binnick failed to state First Amendment claims upon which relief may be granted. Because Binnick received full notice of the insufficiency of his complaint and had several opportunities to amend, we conclude the district court's procedural error was harmless.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [3]
 Binnick's freedom-of-religion claim apparently arose as a result of his supervisor's alleged comment concerning Binnick's sudden attendance at the same church the female employee attended