51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bonnie McCASLIN, Appellant,
v.
Harold W. CLARKE, Director, Nebraska Department of
Corrections; Department of Corrections, State of Nebraska;
Nebraska Center For Women; Larry Wayne, Superintendent,
Nebraska Center for Women; Jeanne Golliday, Unit Manager,
Nebraska Center for Women; Pam Hromadka, Administrative
Asst., Nebraska Center for Women; Lynn Baldwin, Acct. Clerk,
Nebraska Center for Women; Lt. Unknown Todd, Nebraska Center
for Women; CPL. Nancy Lohmeier, Nebraska Center for Women;
Judy Danielson, Psychologist, Nebraska Center For Women;
Deb Fitzgerald, Counselor, Nebraska Center for Women; Lois
Bernasek, Unit Case Mgr., Nebraska Center for Women;
Nebraska Center for Women, Medical Dept.; Margaret Whelan,
Head of Nursing, Nebraska Center for Women Med. Dept., In
Their Official and Individual Capacity, Appellees.
 No. 93-2505.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bonnie McCaslin appeals from the district court's order dismissing as frivolous under 28 U.S.C. Sec. 1915(d) certain due process claims relating to McCaslin's disciplinary proceedings and an Eighth Amendment claim relating to double-celling, and dismissing under Federal Rule of Civil Procedure 12(b)(6) a due process claim relating to her classification demotion. We affirm in part, and reverse and remand in part.
 
 
 2
 McCaslin, then a Nebraska inmate, brought this 42 U.S.C. Sec. 1983 action against various institutional and individual defendants. She alleged that she was found guilty at a disciplinary hearing for having sixteen Gelusel tablets in her cell. After she was sentenced to three days in punitive segregation, she appealed the decision to the appeals board. The appeals board remanded the case for another hearing because the record did not show McCaslin was advised that nonprescription medication could not be kept in that manner. McCaslin alleged that nurses dispensed Gelusel two at a time and never told her how they were to be used, and that Gelusel did not fall within the definition of drug contraband. At the second disciplinary hearing, officials asked her to identify her signature on a document, purportedly to prove that she received a "Medical Use Book" explaining the contraband rules when she entered the institution. McCaslin denied receiving the book, and when she asked to see the document allegedly containing her signature, she was not permitted to look at it.
 
 
 3
 McCaslin claimed she was denied due process in that she did not receive notice of the regulations regarding possession of nonprescription medication, she was denied access to evidence used against her, and she was subsequently demoted to maximum security in retaliation for appealing her disciplinary action. McCaslin also claimed that her placement in a cell with another inmate in segregation when an empty cell was available violated her Eighth Amendment rights.
 
 
 4
 The magistrate judge granted McCaslin leave to file an amended complaint to assert how individual defendants were personally involved in the alleged constitutional violations, and whether she was given the opportunity to respond to the reasons for her demotion. McCaslin asserted that she "was given no opportunity to do anything about the reclassification to maximum." She also identified certain acts of the individual defendants.
 
 
 5
 The magistrate judge recommended dismissing as frivolous those claims against the Department of Corrections and the Nebraska Center for Women because they were not proper defendants under section 1983; dismissing as frivolous the disciplinary-related due process claims, because there was some evidence to support the charge and McCaslin had no due process right to inspect the evidence, under Harrison v. Dahm, 911 F.2d 37 (8th Cir. 1990); and dismissing as frivolous her Eighth Amendment claim regarding double-celling, because the mere lack of privacy did not rise to a constitutional violation.
 
 
 6
 The magistrate judge also recommended dismissal under Rule 12(b)(6) of the due process claim involving her demotion to maximum security, concluding that McCaslin failed to allege facts about what she was or was not allowed to say in response to the classification demotion. The magistrate judge also stated:
 
 
 7
 I base my recommendation partly on an inference from plaintiff's allegation that she did not receive a hearing on the disciplinary charges wherein she was told of the reasons for her demotion. Given my familiarity with the Nebraska Department of Correctional Services hearing process, appeal procedure, and grievance procedure, it is inconceivable to me that plaintiff was not given an opportunity to respond to the allegations and the reasons for the custody demotion, by at least one of these
 
 
 8
 methods. Her silence on that issue in the amended complaint, after it was specifically called to her attention confirms that dismissal is appropriate.
 
 
 9
 McCaslin v. Clarke, No. 4:CV93-3006 (D. Neb. Mar. 23, 1993) (report and recommendation at 3 n.3). The district court adopted the magistrate judge's recommendations and dismissed the complaint.[1] This court granted McCaslin leave to proceed in forma pauperis on appeal.
 
 
 10
 We review for abuse of discretion the dismissal of a complaint as frivolous under section 1915(d). See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). We see no such abuse in the dismissal of the institutional defendants and the Eighth Amendment claim, and we affirm the dismissal of those claims. We do not believe, however, that the disciplinary-related due process claims are frivolous. Contrary to the district court's order, Harrison v. Dahm does not categorically hold that an inmate is not entitled to view evidence at a hearing. In Harrison, the prisoner was permitted to view at the hearing the card on which the drug test result was recorded, and he was prevented from viewing an evidence log "as a matter of policy based on the orderly administration of the correctional center." Harrison, 911 F.2d at 41. The evidence here appears to be only a record of what materials were given inmates during their orientation; we do not know what overriding "administrative necessity" required its protection. Thus, we cannot say these due process claims lack an arguable basis in law or fact, and we reverse their dismissal. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 11
 As for the Rule 12(b)(6) dismissal, we concluded in Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the dismissal of this claim for harmless error.
 
 
 12
 We cannot say the dismissal of the classification claim was harmless. In response to the magistrate judge's query, McCaslin alleged that she was not given an opportunity to respond to the classification decision. Viewing McCaslin's allegations in the light most favorable to her, she has arguably stated a due process claim. This issue was dismissed partly on the basis of the magistrate judge's suppositions, but McCaslin is entitled to have prison officials respond to a nonfrivolous due process issue on the merits.
 
 
 13
 We affirm in part, and reverse and remand in part in accordance with this opinion.
 
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 1915(d), the magistrate judge had ordered McCaslin to pay a partial filing fee, which she did not pay. Because the amount of the filing fee is within the discretion of the district court, we believe that the district court's consideration of the merits despite her lack of payment is also within the court's discretion. We leave for the district court, on remand, to determine the appropriate filing fee, if any, in light of McCaslin's current financial circumstances. See In re Williamson, 786 F.2d 1336, 1340-41 (8th Cir. 1986)