51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bonnie McCASLIN, Appellant,
v.
CORNHUSKER STATE INDUSTRIES; Cornhusker State Industries,
Data Entry Division; Tom Mason, Production Manager; Mary
Mast, Supervisor of Data Entry; Department of Corrections,
State of Nebraska; Harold W. Clarke, Director, Nebraska
Department of Corrections; Larry Wayne, Superintendent
Nebraska Center for Women; Nebraska Center for Women; John
Doe, In Their Official and Individual Capacity, Appellees.
 No. 93-2503.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Apr. 4, 1995.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bonnie McCaslin appeals from the district court's order dismissing her complaint under Federal Rule of Civil Procedure 12(b)(6) prior to the issuance of service of process. We affirm in part, and reverse and remand in part.
 
 
 2
 McCaslin, then a Nebraska inmate, brought this 42 U.S.C. Sec. 1983 action alleging she was terminated from her prison job as a computer operator with Cornhusker State Industries (CSI) because of sexual harassment by another inmate. The magistrate judge granted McCaslin leave to amend her complaint to show, inter alia, whether she had a liberty interest in her job, and whether she had exhausted her administrative remedies before bringing an employment discrimination action under Title VII of the Civil Rights Act.
 
 
 3
 In McCaslin's amended complaint, she argued that she had a liberty interest in continued employment; she attached a portion of the inmate work agreement with CSI. She also argued that she was not required to exhaust her administrative remedies because her complaint was brought under section 1983, not Title VII.
 
 
 4
 The magistrate judge recommended dismissal under Rule 12(b)(6), concluding that the inmate work agreement did not create a protected interest in McCaslin's job and, thus, she was not denied due process. The magistrate judge also concluded that McCaslin failed to exhaust her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission (EEOC), even though the action was filed under section 1983. On May 26, 1993, the district court adopted the magistrate judge's recommendations and dismissed the action under Rule 12(b)(6).[1] We granted McCaslin leave to proceed in forma pauperis on appeal. On appeal, McCaslin has submitted a copy of a June 22, 1993 right-to- sue letter she received from the EEOC.
 
 
 5
 In Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir. 1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the dismissal of these claims for harmless error.
 
 
 6
 We agree with the district court that McCaslin may not circumvent the exhaustion requirement of Title VII by bringing the action under section 1983. See Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987). The discrimination claim was dismissed because McCaslin had not obtained a right-to-sue letter from the EEOC. The receipt of a right-to-sue notice is not a jurisdictional prerequisite, but rather is a condition precedent to filing a Title VII claim, curable after the action has commenced. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988). Had this case proceeded properly according to Gentile, 986 F.2d at 217, we have no doubt the case would still have been pending when McCaslin received her right-to-sue letter, thus permitting McCaslin to proceed with her discrimination claim. Because McCaslin has exhausted her administrative remedies, and because we cannot conclude the district court's procedural error was harmless, we remand the discrimination claim for further proceedings.
 
 
 7
 We affirm, as harmless error, the district court's dismissal of McCaslin's due process claim. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983) (absent substantive limitation on employer's discretion, no protectible liberty interest in continued employment).
 
 
 8
 Accordingly, we affirm in part, and reverse and remand in part.
 
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 1915(d), the magistrate judge had ordered McCaslin to pay a partial filing fee, which she did not pay. Because the amount of the filing fee is within the discretion of the district court, we believe that the district court's consideration of the merits despite her lack of payment was also within the court's discretion. We leave for the district court, on remand, to determine the appropriate filing fee, if any, in light of McCaslin's current financial circumstances. See In re Williamson, 786 F.2d 1336, 1340-41 (8th Cir. 1986)