51 F.3d 762
 Wa'il Mansur MUHANNAD, on behalf of himself and all others
similarly situated; also known as Anthony Austin, Appellant,
v.
Michael KINNEY; Jane Grabenstein-Chandler; Gene Hruza;
Bruce Kramer; John Eggers; Theresa Mulkey; Terry Neeman;
Steve Peck; Lynn Wright; Unknown Strode, Sergeant; Harold
W. Clarke; Frank X. Hopkins, Appellees.
 No. 93-3266.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 19, 1995.
Decided April 4, 1995.
 
 Appellant pro se.
 Appellee none filed.
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wa'il Mansur Muhannad appeals from the district court's order dismissing a due process claim as frivolous under 28 U.S.C. Sec. 1915(d), and dismissing another due process claim under Federal Rule of Civil Procedure 12(b)(6)--prior to service of process--for failing to state a claim. We reverse and remand for further proceedings.
 
 
 2
 In his 42 U.S.C. Sec. 1983 action, Nebraska inmate Muhannad claimed a denial of due process in relation to a conduct violation he received for fighting with another inmate on May 29, 1992. (He alleged he was merely engaging in horseplay.) Muhannad alleged that officials convened a "sham hearing" on May 29, and denied him "a written statement of the charges and actual allegations underlying the charge, a chance to marshal the facts and prepare a defense, a chance to testify, call witnesses, and present documentary evidence, and a twenty-four hour notice" before officials imposed a three-day yard restriction (yard-restriction claim). He also alleged officials denied him the right to call witnesses and present written documentary evidence at a second disciplinary hearing held on June 8, at which officials found him guilty of misconduct and sentenced him to disciplinary segregation (hearing-procedures claim).
 
 
 3
 This action was temporarily stayed pending Muhannad's state court action challenging the findings of the second disciplinary hearing; the state court ultimately reversed the findings of the disciplinary committee for insufficient evidence. The magistrate judge then construed the yard restriction as an imposition of administrative segregation and twice granted Muhannad leave to amend his complaint to state whether prison officials afforded Muhannad an opportunity to respond to the written conduct violation before imposing the yard restriction. In his third amended complaint, Muhannad reiterated, inter alia, that he was denied notice of the "review hearing" and the opportunity to object to the hearing, to submit verbal or written statements, or to sign the restriction form; and that he first learned of the restriction after the review hearing had convened.
 
 
 4
 The magistrate judge, noting that Muhannad had paid his partial filing fee, stated that he would nonetheless complete his substantive review of the complaint under section 1915(d) and the district court's Local Rule 83.10. The magistrate judge recommended dismissal under section 1915(d) of the hearing-procedures claim because, under Harper v. Lee, 938 F.2d 104, 105 (8th Cir.1991) (per curiam), the state court's reversal of the charges rendered his due process claim meritless. The magistrate judge further recommended dismissal under Rule 12(b)(6) of the yard-restriction claim, because Muhannad did not adequately address the magistrate judge's concerns about the opportunity to respond to the charge before the yard restriction was imposed. The magistrate judge also stated:
 
 
 5
 I base my recommendation partly on an inference from plaintiff's allegation that he received a hearing on the disciplinary charges wherein he was told of the reasons for the disciplinary action. Given my familiarity with the Nebraska Department of Correctional Services hearing process, appeal procedure, and grievance procedure, it is inconceivable to me that plaintiff was not given an opportunity to respond to the allegations and the reasons for the exercise restriction by at least one of these methods. His silence on that issue in the third amended complaint, after it was specifically called to his attention confirms that dismissal is appropriate.
 
 
 6
 Muhannad v. Kinney, No. 4:CV92-3313 (D.Neb. Apr. 13, 1993) (report and recommendation at 3 n. 3). The district court adopted the magistrate judge's recommendations and dismissed the action.
 
 
 7
 We review for abuse of discretion the dismissal of a complaint as frivolous under section 1915(d). See Denton v. Hernandez, 504 U.S. 25, 33-34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). We conclude the district court abused its discretion in dismissing Muhannad's hearing-procedures claim. We have not yet determined the merits of a claim for damages for time served in disciplinary segregation following a state court's determination that there was insufficient evidence supporting the charge. In Harper, 938 F.2d at 105, we held that any due process violation was cured when Harper's disciplinary sanction was reversed and he received a new hearing through the administrative grievance procedures. Because Harper was found guilty on rehearing, damages were not an issue in that case. Id. Here, on the other hand, Muhannad served his disciplinary punishment before the charge was reversed by the state court decision, and he asserts he is entitled to damages for time spent in segregation. Compare Walker v. Bates, 23 F.3d 652, 657-58 (2d Cir.1994) (successful administrative appeal does not bar Sec. 1983 claim where plaintiff served punishment and was not accorded rehearing), petition for cert. filed, 63 U.S.L.W. 3092 (U.S. July 25, 1994) (No. 94-158) and Mays v. Mahoney, 23 F.3d 660, 662 (2d Cir.1994) (same), petition for cert. filed, 63 U.S.L.W. 3092 (U.S. July 25, 1994) (No. 94-158) with Young v. Hoffman, 970 F.2d 1154, 1155-56 (2d Cir.1992) (per curiam) (administrative appeal expunging disciplinary cured Sec. 1983 due process claim where initial penalty was never served), cert. denied, --- U.S. ----, 114 S.Ct. 115, 126 L.Ed.2d 80 (1993). Because there is an arguable basis in law and fact for this claim, we conclude it is not frivolous. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).
 
 
 8
 In Carney v. Houston, 33 F.3d 893, 895 (8th Cir.1994) (per curiam), we concluded that the district court's Local Rule 83.10(d) and the procedures for pre-service dismissals under Rule 12(b)(6) did not conform with Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214 (8th Cir.1993); notwithstanding the district court's failure to comply with Gentile, we concluded that, because Carney received full notice of the insufficiency of his complaint and a meaningful opportunity to rectify any deficiencies by filing an amended complaint, the error was harmless. Carney, 33 F.3d at 895. We also noted that we would not endorse this course of action in future cases. Id. Because the district court here did not have the benefit of our decision in Carney, we will review the dismissal of the yard-restriction claim for harmless error.
 
 
 9
 We do not believe the Rule 12(b)(6) dismissal of this due process claim constitutes harmless error. Viewing his allegations in the light most favorable to him, Muhannad alleged that he was denied notice of the review hearing and an opportunity to respond to the charges. The magistrate judge based his recommendation, in part, on his own belief that it was "inconceivable" that Muhannad did not receive an opportunity to contest the restriction. Muhannad is entitled to have prison officials respond to this nonfrivolous issue on the merits, rather than to have this issue dismissed on the basis of the magistrate judge's suppositions.
 
 
 10
 We reverse and remand for further proceedings in accordance with this opinion.