_____

No. 95-1960
_____

John K. Hake,                          *
                                       *
          Appellant,                   *
                                       *
      v.                               *
                                       *
Harold W. Clarke, Director,            *
Nebraska Department of                 *
Correctional Services; Karen           *
Shortridge, Associate, Director        *   Appeal from the United States
Adult Institutions, Nebraska           *   District Court for the
Department of Correctional             *   District of Nebraska.
Services; Terry Ewing, Security        *
Coordinator, Nebraska Department*          [PUBLISHED]
of Correctional Services; Larry        *
Tewes, Associate Director,             *
Adult Classification and               *
Programs, Nebraska Department          *
of Correctional Services,              *
                                       *
          Appellees.                   *

_____

Submitted:  December 18, 1995

Filed:  August 2, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     John K. Hake appeals from the district court's sua sponte dismissal, under Federal Rule of Civil Procedure 12(b)(6), of his 42 U.S.C. § 1983 complaint.  We reverse and remand for further proceedings.

     In April 1994, Nebraska inmate Hake filed a civil rights complaint in forma pauperis (IFP) against Nebraska Department of

Correctional Services Director Harold Clarke, Associate Director Karen Shortridge, and the Director's Review Committee members Terry Ewing and Larry Tewes (defendants), claiming he was unconstitutionally denied a transfer from minimum security to community custody. Hake alleged that, after his parole was revoked for alcohol-related reasons in 1991, he was returned to Hastings Correctional Center, and in 1992 he satisfied the requirements for placement in community custody. He alleged that the unit classification committee members supported his reclassification to work release, but that defendants denied him such an assignment without giving him the opportunity to appear before them to rebut any adverse aspects of the record. Hake claimed defendants subjected him to cruel and unusual punishment by punishing him for being an alcoholic, handicapped person; denied him due process; relied on impermissible guidelines to deny him community custody and work release; retaliated against him for exercising his right of access to the courts; and denied him equal protection. Hake sought declaratory relief, and damages. Hake attached copies of correspondence from Shortridge explaining that he was denied community custody because his continued alcohol problem posed a risk to the community. Hake paid the full filing fee in June 1994.

Under the mistaken impression that Hake was proceeding IFP, the magistrate judge reviewed the complaint under 28 U.S.C. § 1915(d) and the district court's Local Rule 83.10,[1] and concluded Hake failed to state a claim upon which relief could be granted, but gave Hake leave to amend his complaint to cure the deficiencies. The magistrate judge also concluded Hake's Eighth Amendment claim was frivolous.

Hake amended his complaint, additionally noting that he had

---

The magistrate judge noted that Local Rule 83.10(d)(2) provided for initial sua sponte review of all pro se complaints pursuant to Fed. R. Civ. P. 12(b)(6), whether they are fee-paid or IFP.

since been reclassified for work release, but that he continued to seek monetary damages for the delay.  The magistrate judge reviewed the amended complaint under Local Rule 83.10(d), and suggested in his report and recommendation, inter alia, that Hake had failed to identify which portions of the inmate handbook created a protected liberty interest.  Hake filed objections and attached portions of the Adult Inmate Classification Manual (Manual).  The district court dismissed the Eighth Amendment claim as frivolous, and concluded the magistrate judge should reconsider his recommended dismissal of the other claims under Rule 12(b)(6) in light of the then-recently decided Carney v. Houston, 33 F.3d 893 (8th Cir. 1994) (per curiam).

Concluding on reconsideration that Hake's equal protection, due process, and retaliation claims were not frivolous, the magistrate judge ordered the issuance of summonses upon all defendants, but informed defendants they were "not required to answer or otherwise respond unless and until further notified to do so by order of this court upon completion of its initial review of plaintiff's non-frivolous claims."  Simultaneously with the order for summonses, the magistrate judge issued a report recommending that Hake had abandoned his equal protection and retaliation claims, and that because Hake had not quoted the relevant language which allegedly created a protected liberty interest, his due process claim should be dismissed under Rule 12(b)(6).  Hake objected to the report.  The summonses were issued approximately two weeks later.

The district court waited until service of process had occurred before ruling on the magistrate judge's report and Hake's objections.  The district court conducted de novo review, noted that this now was no longer a sua sponte dismissal prior to service because defendants had been served, and concluded that Hake had failed to state an equal protection or retaliation claim.  The court concluded, however, that Hake should be granted leave to

-3-

submit another amended complaint setting forth his due process claim and should include specific quotations to the regulations or statutes which he believed established a due process right to reclassification.

Hake filed a second amended complaint which incorporated a copy of the Manual. The magistrate judge again recommended Hake's due process claim be dismissed under Rule 12(b)(6), concluding that the Manual did not create a protected liberty interest. Hake again objected. After conducting de novo review, the district court adopted the magistrate judge's report and dismissed the action under Rule 12(b)(6). Hake filed a timely notice of appeal.

On appeal, Hake argues only that the district court erred in denying his due process claim.[2] Appellees, in what is their first involvement in the case, argue that the Manual's provisions do not contain language which satisfies the two elements necessary for the creation of a liberty interest under Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 464-65 (1989).

## I.    Procedural Irregularities

In Carney v. Houston, 33 F.3d at 895, we disapproved the district court's practice of dismissing a complaint under Rule 12(b)(6) prior to service of process, and pointed out that the district court's Local Rule and procedures did not conform to the

---

[2]Although Hake does not appeal the dismissal as frivolous of his Eighth Amendment claim, we note that the district court erred in conducting such a frivolousness review, because Hake had paid the filing fee. See In re Funkhouser, 873 F.2d 1076, 1077 (8th Cir. 1989) (per curiam) (dismissal of section 1915(d) complaint as frivolous after payment of filing fee not contemplated by Federal Rules of Procedure). The section 1915(d) dismissal, however, is not a dismissal on the merits and would not prejudice the filing of a paid complaint making the same allegations. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

procedures for reviewing IFP complaints set forth in <u>Gentile v. Missouri Department of Corrections</u>, 986 F.2d 214, 217 (8th Cir. 1993). Understanding that nonfrivolous claims could not be dismissed prior to service of process under Rule 12(b)(6), the magistrate judge here ordered the complaint to be served, and simultaneously recommended dismissal under Rule 12(b)(6) before defendants filed any responsive pleadings.

We conclude that ordering service of process but deferring defendants' obligation to respond was not a procedure contemplated by the Federal Rules of Civil Procedure or supported by case law. Implicit in the requirement of service of process before dismissal under Rule 12(b)(6) was that the parties, not the court, would litigate the issues, and that these cases would proceed in the ordinary manner. The Rules contemplated that after a fee-paid complaint was filed, it was to be served on the defendants; that defendants either answered or filed responsive pleadings, giving notice to plaintiffs of any defenses or pleading deficiencies; and that plaintiffs could then respond or seek leave to amend their pleadings, which leave was to be freely given when justice required. The Rules contemplated a litigant-directed process at the initial stages, but the procedure at issue in this case interjected a review by a judicial officer into the process. Although plaintiffs may have been provided certain "legal advice" which may have proved valuable in saving their actions from ultimate dismissal, this judicial intervention placed the judicial officer in the role of defense counsel, plaintiff's counsel, and judge, and deprived plaintiffs of the "considerable benefits of the adversary proceedings contemplated by the Federal Rules." <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 (1989). To order service of process but not require defendants to respond ignored the spirit, and undermined the purpose, of the service requirement. Thus, we conclude that issuance of "no-answer" summonses was improper, and that defendants should have been directed to answer or file responsive pleadings in accordance with the Federal Rules.

Notwithstanding our admonition in <u>Carney v. Houston</u>, 33 F.3d at 895, that Local Rule 83.10(d) authorized the magistrate judge to act in a manner contrary to the Federal Rules, the district court continued to proceed under it.  Neither <u>Neitzke</u> nor section 1915(d) authorized courts initially to review claims filed by a fee-paying pro se litigant in the same way that they reviewed IFP complaints.  We find no support for the district court to have conducted a frivolousness review of non-IFP pro se complaints, or to have conducted an initial review of all pro se complaints under Rule 12(b)(6) before service of process and responsive pleadings.[3]  Accordingly, we conclude that the procedures set forth in Local Rule 83.10(d)(2) did not comply with the Federal Rules nor with our circuit's precedents.

## II.  Merits

Since the district court's order, the Supreme Court decided <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995), which discussed the historical shift in "focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the nature of the deprivation."  <u>Id.</u> at 2299.  The Court concluded that "[t]he time ha[d] come to return to the due process principles" enunciated in those cases recognizing that States may create liberty interests protected by the Due Process Clause, but generally limiting those interests to freedom from restraint which imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id.</u> at 2300.

Although the due process right Hake asserts here is an alleged

---

Effective April 26, 1996, courts have the authority to screen a prisoner complaint to determine if the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> Prison Litigation Reform Act, Pub. L. No. 104-134, § 805, 110 Stat. 1321, ____ (1996) (to be codified at 28 U.S.C. § 1915A).

right to greater freedom, rather than protection from greater restraint, we believe the same "nature of the interest" analysis is required, and the Thompson test, on which the district court relied in determining whether the State had created a liberty interest, may no longer be good law.  Thus, we remand for further proceedings, including an analysis of Sandin in the first instance by the district court.

Accordingly, we reverse and remand this case to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.