United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2091

_____

Danny D. Goodroad,                          *
                                            *
        Appellant,                          *
                                            *
    v.                                      *
                                            *
Jeffrey Bloomberg, Secretary of             *    Appeal from the United States
Corrections, individually and in his        *    District Court for the
official capacity; Douglas Weber,           *    District of South Dakota.
Warden, South Dakota State                  *
Penitentiary, individually and in his        *    [UNPUBLISHED]
official capacity; Owen Spurrell, Major,      *
Special Security, South Dakota State         *
Penitentiary, individually and in his        *
official capacity; Ben Dearduff,            *
Executive Assistant, South Dakota           *
State Penitentiary, individually and in      *
his official capacity,                      *
                                            *
        Appellees.                          *


_____

Submitted: October 9, 1997
      Filed:   October 15, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

South Dakota State Penitentiary inmate Danny D. Goodroad appeals from the District Court's[1] 28 U.S.C.A. § 1915(e) (West Supp. 1997) dismissal of his 42 U.S.C. § 1983 (1994) action. We affirm.

Goodroad alleged that his constitutional rights were violated when his incoming and outgoing mail was seized, returned, withheld, read, slowed, opened, photocopied, and "censured," and handled and delivered in a way that could cause a breach of privacy and the loss of contents. He claimed this conduct also violated a liberty interest conferred by a prison policy, and that a second prison policy was unconstitutional because it violated the rights of outside parties. He also claimed his access to the courts was impeded when he was placed in disciplinary segregation, and that the aforementioned conduct was carried out in retaliation for his accessing the courts and exercising his civil rights. He claimed defendant prison officials authorized the unconstitutional conduct through policy and direct and tacit authorization.

The District Court dismissed Goodroad's action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e). We review a section 1915(e)(2)(B)(ii) dismissal de novo, and will affirm if construing the allegations in the light most favorable to the plaintiff it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle him to relief. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Fed. R. Civ. P. 12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal); Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam) (Rule 12(b)(6) standard of review).

We agree that Goodroad's complaint failed to set forth sufficient facts to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (a pro se complaint must contain specific facts supporting its conclusions). We conclude that the

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

District Court did not abuse its discretion in declining to recuse, in refusing to transfer Goodroad's case from the Southern to the Central Division, or in refusing to appoint counsel.  Finally, we deny Goodroad's second motion for preliminary injunction.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.