**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

August 18, 2004

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61017
Conference Calendar

_____

ROCKIE D. PICKENS,

                                        Plaintiff-Appellant,

versus

TRACY MINTON, Correctional Officer I, in her individual
capacity; ETHEL CARLIZE, Disciplinary Chairperson, in
her individual capacity; K. GREEN, Correctional Officer IV,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-228-P-A
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Rockie D. Pickens, Mississippi state prisoner # 71454,

proceeding pro se, has filed an application for leave to proceed

in forma pauperis (IFP) to appeal the denial of his 42 U.S.C.

§ 1983 complaint, in which he alleged that he is entitled to

damages because he was denied due process during an

administrative grievance proceeding.  By moving for IFP, Pickens

is challenging the district court's certification that IFP status

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court failed to comply with Baugh since it neither provided reasons for certifying that Pickens's appeal was not taken in good faith, nor incorporated its decision on the merits of Pickens's complaint. See Baugh, 117 F.3d at 202; FED. R. APP. P. 24(a)(3). Nevertheless, we may dismiss the case sua sponte pursuant to 5TH CIR. R. 42.2 if it is apparent that the appeal lacks merit. See Baugh, 117 F.3d at 202 & n.24.

Pickens's assertion of a due process violation is without merit. His placement in isolation for 20 days did not deprive him of any liberty interest protected by due process because the punishment imposed did not constitute an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). Similarly, Pickens has no due process claim arising out of his reduced custody classification because a prison inmate does not have a protectable liberty interest in his custodial classification. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Pickens's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Pickens IFP

status on appeal, we deny the motion for leave to proceed IFP, and we dismiss Pickens's appeal as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Pickens's motion for the appointment of appellate counsel is denied as moot.

The district court's dismissal of Pickens's action and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Pickens that should he accumulate three strikes, he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.