**Tion Bernard TERRELL, Plaintiff,**

v.

**K.J. BASSETT, Warden, et al., Defendants.**

**No. 205CV2.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 21, 2005.

---

Tion Bernard Terrell, Waverly, VA, Pro se plaintiff.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, to redress an alleged violation of plaintiff's constitutional rights. In the complaint, plaintiff claims that defendants violated his due process rights at an institutional hearing for an institutional charge. Plaintiff claims that various Departmental Operating Procedures were violated during his hearing and subsequent appeals. Plaintiff also complains that he served thirty (30) days in isolation as a result of being convicted on the institutional charge. Plaintiff's conviction on the institutional charge was eventually overturned and the conviction was expunged from his record. Plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A[1], the court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or offi-

---

1.  § 1915A. Screening

    (a) Screening.-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

    (c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

cer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of plaintiff's pleadings, the court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

■ In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). In reviewing plaintiff's complaint pursuant to the mandated screening process, therefore, the court applies the same standard. Under that standard, the facts alleged in plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir.1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

■ The Supreme Court outlined, in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the procedural due process safeguards required for disciplinary proceedings such as plaintiff's.[2] In *Wolff*, the Court stated that in order to take away statutory good-time credits or to place a prisoner in solitary confinement, the following minimum procedural safeguards must be met: (1) advance written notice of charges; (2) written findings; and (3) generally, the right to call witnesses. *Id.* at 563–66, 94 S.Ct. 2963. In the case at bar, plaintiff does not claim and the record does not indicate that any of these procedural safeguards were not observed. Consequently, there is no evidence that the disciplinary hearing violated the constitutional due process requirements mandated by *Wolff*.

In addition to these procedures, plaintiff received further "process." He was permitted appeals, a rehearing, and additional appeals. Plaintiff's Level II appeal to the Regional Director was successful. Although he had already served his thirty days in isolation by the time his appeal was successful, the prison did expunge the conviction from his record. Hence, plain-

---

**2.** The court also notes that several courts have found that the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), has obviated the need for a hearing prior to placement in isolation. *See, e.g., Kennedy v. Blankenship*, 100 F.3d 640, 642–43 (8th Cir.1996); *Pickens v. Minton*, 109 Fed.Appx. 655, 656, 2004 WL 1842640 (5th Cir.2004) (unpublished). However, in this case, plaintiff did receive such a hearing, and the court will assume for purposes of this opinion that one is required.

tiff was accorded a substantial amount of due process, which ultimately led to the expungement of the conviction from his record.

A number of federal courts have held that the effect of a successful administrative appeal is to " 'cure[ ]' any procedural defect that may have occurred at the disciplinary hearing." *Sowell v. Ryan,* 823 F.Supp. 107, 110 (W.D.N.Y.1992), *aff'd,* 996 F.2d 302 (2d Cir.1993); *accord Young v. Hoffman,* 970 F.2d 1154, 1156 (2d Cir. 1992), *cert. denied,* 510 U.S. 837, 114 S.Ct. 115, 126 L.Ed.2d 80 (1993); *Harper v. Lee,* 938 F.2d 104, 105 (8th Cir.1991); *Hyson v. Neubert,* 820 F.Supp. 184, 191 (D.N.J.1993) ("[W]here prison officials rectify the consequences of a constitutionally deficient disciplinary hearing within a reasonable time, even absent a specific regulatory appeal procedure, the mandates of due process have been satisfied."). This court agrees with the reasoning in these decisions. It would be illogical to hold that due process rights are violated when appellate review remedies the procedural defects in the initial hearing. *See Harper,* 938 F.2d at 105. If this were held to constitute a due process violation, appellate review would be extraneous. Here, plaintiff's conviction was overturned through the normal prison appeal procedure. Thus, even if this court were to find that plaintiff's due process rights were violated in the course of his disciplinary hearing, because the prison's procedure *as a whole* led to the vindication of his procedural rights, the court would still find that plaintiff was given all the process which he was due.

Finally, insofar as plaintiff is claiming that his confinement in isolation prior to the successful appeal violated his rights, the court finds the argument unavailing. Confinement while awaiting administrative review which leads to the reversal of the inmate's conviction does not, in itself, violate due process. *Sowell,* 823 F.Supp. at 110; *Hyson,* 820 F.Supp. at 191; *see also Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (indicating that the expungement of inmate's record was an appropriate remedy where the inmate had already served his time in segregation). Moreover, delay in the litigation process is commonplace and is not unique to prisoner litigation. *Sowell,* 823 F.Supp. at 110. Thus, plaintiff suffered no undue hardship by having to pursue the appeals process to receive redress.

In conclusion, the court **FINDS** that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the instant allegations are hereby **DISMISSED.** Plaintiff's motion to proceed *in forma pauperis* is **MOOT.** Therefore, the court does not rule on plaintiff's request to proceed *in forma pauperis.*

Moreover, 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under section 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the court **CAUTIONS** plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted.

Plaintiff may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Order. If plaintiff wishes to proceed *in forma pauperis* on appeal, the application to

proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Opinion and Dismissal Order to plaintiff and to the Office of the Attorney General for the Commonwealth of Virginia.

**IT IS SO ORDERED.**